■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MELENDEZ, Also Known as JAMES HERNANDEZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDY GUZMAN, Appellant. [603 NYS2d 452] —Judgments, Supreme Court, New York County (Richard B. Lowe, III, J.), rendered January 16, 1992 and December 23, 1991, respectively, convicting defendants, after a jury trial, of four counts of robbery in the second degree, sentencing defendant Guzman, as a second violent felony offender, to two concurrent terms of 6 to 12 years to run consecutively to two concurrent terms of 6 to 12 years, and sentencing defendant Melendez, as a second felony offender, to two concurrent terms of 7 to 14 years to run consecutively to two concurrent terms of 7 to 14 years, all four terms to run concurrently to a term of 4½ to 9 years imposed on his conviction on an unrelated indictment for criminal sale of a controlled substance in the third degree, unanimously affirmed.

Most of the arguments defendants raise are not preserved as a matter of law, and in any event without merit. Concerning the trial court's refusal to give a missing witness charge, we would find, were we to review in the interest of justice, no prima facie showing that the witness in question was available, or under the People's control. *(People v Duval,* 172 AD2d 248, 249, *lv denied* 77 NY2d 994.) Nor do we find the requests to be timely *(People v Gonzalez,* 55 NY2d 720). Concerning the challenges to the court's instructions, we would find, were we to review in the interest of justice, that the charge, viewed in its entirety, properly conveyed to the jury the correct principles of law concerning the People's burden of proof and the presumption of innocence. Concerning the testimony of police witnesses relating to identification, we would find, were we to review in the interest of justice, that the testimony was properly admitted to explain defendant Melendez's arrest and did not improperly bolster the complainants' identifications *(see, People v Candelario,* 156 AD2d 191, *lv denied* 75 NY2d 964).* Lastly, in view of defendant Melendez's lengthy criminal

record, the sentence imposed was not excessive. Concur—Ellerin, J. P., Ross, Rubin and Nardelli, JJ.