■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR GOINS, Appellant. [626 NYS2d 84] —Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered January 5, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 12½ to 25 years, unanimously affirmed.

Defendant's claims regarding the trial court's *sua sponte* no adverse inference charges which allegedly diminished the People's burden of proof, and the charge which allegedly suggested that the jury visit the crime scene are unpreserved for appellate review as a matter of law (CPL 470.05; *see, People v Autry,* 75 NY2d 836, 839), and we decline to review them in the interest of justice. Were we to review them, we would find them to be without merit. The trial court has discretion to give a no adverse inference charge without a request from defendant *(People v Vereen,* 45 NY2d 856, 857), and we have previously found no error in similar language *(People v Jones,* 200 AD2d 441, *lv denied* 83 NY2d 854). Viewed as a whole, the charge conveyed the proper burden of proof, since on at least 20 occasions the court informed the jury that the People's burden of proof was to establish defendant's guilt beyond a reasonable doubt. *(People v Nunex,* 203 AD2d 190, *lv denied* 83 NY2d 970.) We also find the latter charge is not susceptible of the implication of which defendant now complains.

Considering defendant's extensive criminal record, including two prior felony convictions for similar drug related offenses perpetrated in the same neighborhood, the sentence imposed was not excessive. Concur—Sullivan, J. P., Wallach, Kupferman, Nardelli and Williams, JJ.