■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN MAYS, Appellant. [649 NYS2d 409] —Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered June 16, 1994, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him, as a persistent violent felony offender, to concurrent terms of 25 years to life, unanimously affirmed.

Defendant did not preserve his present claims of error regarding the trial court's preliminary instructions to the jury and, in any event, there is no merit to defendant's current claim that a portion of the court's preliminary charge may have suggested unauthorized visits to the crime scene (*People v Goins*, 215 AD2d 111, *lv denied* 86 NY2d 735).

Defendant did not preserve his argument on appeal that the trial court erred in directing assistance in the reading of its final charge to the jury. In any event, all instructions on the law were provided by the court, and the law secretary's reading of portions of the court's final charge, necessitated by the Judge's intermittent difficulties in reading due to recent eye surgery, was clearly at the direction, and under the supervision, of the court. Thus, the court complied with the provisions of CPL 300.10 (1) and protected defendant's right to a trial by jury by the court's uninterrupted presence and active supervision (*cf., People v Ahmed*, 66 NY2d 307).

Defendant's claim of improper exclusion of a family member from the courtroom during a portion of the proceedings is not supported by anything in the record, and thus is not reviewable (*see, People v Charleston*, 54 NY2d 622).

We perceive no abuse of discretion in sentencing. Concur—Rosenberger, J. P., Wallach, Kupferman, Nardelli and Mazzarelli, JJ.