■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CABEZA, Appellant. [658 NYS2d 299] —Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered February 23, 1994, convicting defendant, after a jury trial, of eight counts of robbery in the first degree, three counts of at-

tempted robbery in the first degree, eight counts of robbery in the second degree and three counts of attempted robbery in the second degree, and sentencing him to consecutive terms of $12^1/_2$ to 25 years on each of the first-degree robbery convictions to be served concurrently with concurrent terms of 5 to 15 years on each attempted first-degree robbery conviction, 5 to 15 years on each second-degree robbery conviction, and $2^1/_3$ to 7 years on each attempted second-degree robbery conviction, unanimously affirmed.

Defendant failed to preserve his present claims that police testimony concerning the identification procedures in this case constituted impermissible bolstering of the testimony of the identifying witnesses and inadmissible opinion evidence concerning the fairness of these procedures, and we decline to review them in the interest of justice. Were we to review them, we would find that the challenged testimony was properly adduced to show how the identification procedures were conducted and to rebut defense claims that they were unfair and suggestive (*see, People v Melendez*, 198 AD2d 41, *lv denied* 82 NY2d 899; *People v Galarza*, 126 AD2d 666).

Defendant failed to preserve any of his challenges to the court's jury instructions and other comments, and we decline to review them in the interest of justice. Were we to review them, we would find that the charge as a whole conveyed the proper standards (*see, People v Vasquez*, 181 AD2d 459, *lv denied* 79 NY2d 1055), and that defendant's claims do not warrant reversal in light of the overwhelming evidence of guilt.

Defendant's claim that the court improperly delegated its obligation to deliver the final charge has been rejected by this Court in cases involving identical circumstances (*People v Rivera*, 238 AD2d 152; *People v Mays*, 232 AD2d 332, *lv denied* 89 NY2d 926), and we see no reason to depart from those holdings.

On the totality of the existing record, we find that defendant received effective assistance of counsel (*People v Baldi*, 54 NY2d 137).

Defendant's remaining claims, including those contained in his *pro se* supplemental brief, are unpreserved and without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin, Williams and Mazzarelli, JJ.