■ In the Matter of RALPH R. HALL, Appellant, v STATE OF NEW YORK DEPARTMENT OF CORRECTIONS, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Cerrito, J.), entered January 5, 1982 in Albany County, which dismissed petitioner's application in a proceeding pursuant to CPLR article 78. Petitioner is an inmate at the Clinton Correctional Facility presently serving concurrent terms of 20 years to life and 0 to 15 years for the crimes of murder and attempted murder. He commenced this article 78 proceeding to obtain a judgment abolishing the inmate grievance program at the Clinton Correctional Facility, contending essentially that the entire system was unconstitutional. Special Term dismissed the petition, finding that it neither sought review of a specific administrative action nor presented an actual controversy necessary for a declaratory judgment action (see *Phelan v City of Buffalo*, 54 AD2d 262, 264; *New York State Assn. of Ins. Agents v Schenck*, 44 AD2d 757). Review of the record confirms that petitioner is not challenging a particular grievance determination, but the entire administrative review process as unfair and ineffective. The Court of Appeals in *Matter of Patterson v Smith* (53 NY2d 98) recently confirmed that the grievance procedure mandated by section 139 of the Correction Law, promulgated under Directive No. 4040 dated August 9, 1976, must be pursued prior to commencement of a judicial proceeding. Clearly, petitioner's general dissatisfaction with the inmate grievance program does not constitute an actual controversy reviewable by an article 78 proceeding or otherwise. Nor may he be considered sufficiently aggrieved to assure concrete adverseness in the presentation of the issues (see *Baker v Carr*, 369 US 186, 204). No showing has been made "that the administrative action will * * * have a harmful effect on the petitioner" (*Matter of Dairylea Coop. v Walkley*, 38 NY2d 6, 9). Accordingly, a hypothetical adjudication of the constitutionality of the grievance procedure established at the Clinton Correctional Facility was properly avoided by dismissal of the petition (see *Connor v Siebert*, 83 AD2d 698). We would further note that the petition was jurisdictionally defective for lack of proper service. Absent a court order authorizing service in a manner other than that provided for by CPLR 403 (subd [c]), service by mail does not confer personal jurisdiction over respondent (*Matter of Harlem Riv. Consumers Coop. v State Tax Comm.*, 44 AD2d 738). The judgment of Special Term must be affirmed. Judgment affirmed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.