■ In the Matter of JAMES E. CLIFF, Appellant, v THOMAS G. EAGEN, as Director of Inmate Grievance Program, et al., Respondents. [709 NYS2d 452] —Appeals (1) from a judgment of the Supreme Court (McGill, J.), entered August 10, 1998 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Central Office Review Committee denying petitioner's grievance, and (2) from a judgment of said court, entered September 16, 1998 in Clinton County, which, upon reconsideration, adhered to its prior decision.

Petitioner, a prison inmate, was charged with unauthorized legal assistance after a search of his cell revealed legal papers which allegedly did not belong to him. The record reveals that this charge was later dismissed (*Matter of Cliff v Priest*, 272 AD2d 698 [decided herewith]). Petitioner thereafter filed a grievance alleging that the correction officer who filed the misbehavior report charging petitioner with unauthorized legal assistance intentionally filed a false misbehavior report. The Inmate Grievance Program and the Central Office Review Committee denied petitioner's grievance. Petitioner commenced the

instant CPLR article 78 proceeding challenging these determinations. Supreme Court dismissed the petition finding that neither decision was arbitrary and capricious or an abuse of discretion. Thereafter petitioner made a motion for reconsideration alleging that Supreme Court had incorrectly stated the basis for the dismissal of the underlying disciplinary proceeding. Upon reconsideration, Supreme Court adhered to its prior decision and dismissed the petition. Petitioner now appeals contending that the denial of his grievance was arbitrary and capricious. We affirm on both appeals.

Upon our review of the record, we find that petitioner has failed to demonstrate that the denial of his grievance was arbitrary and capricious (*see, Matter of Wilson v State of New York Dept. of Correctional Servs.*, 261 AD2d 670, *lv dismissed* 93 NY2d 1039). The record indicates that the grievance was investigated and, under the circumstances, we find no reason to disturb the determination crediting the denial of the correction officer and discrediting the conclusory allegations of petitioner.

We also reject petitioner's contention that Supreme Court committed reversible error in its initial determination when it incorrectly stated the basis upon which his underlying disciplinary proceeding had been dismissed. This error does not provide a basis to disturb Supreme Court's initial decision dismissing the petition, or the court's decision upon reconsideration adhering to that decision.

Cardona, P. J., Peters, Spain, Graffeo and Mugglin, JJ., concur. Ordered that the judgments are affirmed, without costs.