■ In the Matter of JAMES E. CLIFF, Appellant, v CHERYL GOODMAN, as Grievance Supervisor of Great Meadow Correctional Facility, Respondent. [710 NYS2d 718] —Mugglin, J. Appeal from a judgment of the Supreme Court (Berke, J.), entered June 7, 1999 in Washington County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as, *inter alia,* moot.

In January and February 1999, petitioner filed eight grievances. All grievances were filed, assigned a number and processed, and determinations were issued in January, February and March 1999. During this time period, respondent left her position as Inmate Grievance Program Supervisor. Thereafter, petitioner commenced this proceeding challenging the processing of these eight grievances. Petitioner sought injunctive relief against respondent, specifically directing her to perform her duties properly and timely. Supreme Court dismissed the proceeding as moot, because respondent no longer held the position, and for failure to state a cause of action.

We affirm. To the extent that the petition seeks relief against respondent personally, it is moot. No exception to the mootness doctrine applies in this proceeding (*see, Matter of Hearst v Clyne,* 50 NY2d 707, 714). To whatever extent the petition can be read as seeking relief from other prison personnel, it was properly dismissed for failure to state a cause of action. Failure to timely process a grievance entitles an inmate to nothing more than the right to review at the next appeal level in the grievance process (*see,* 7 NYCRR 701.8) and, therefore, the petition states no cause of action. Moreover, the record refutes petitioner's allegation that his grievances were not processed. To the extent that petitioner fails to challenge a particular determination, but challenges the entire administrative review process as unfair and ineffective, it "does not constitute an actual controversy reviewable by [a CPLR] article 78 proceeding or otherwise" (*Matter of Hall v State of New York Dept. of Corrections,* 88 AD2d 1102). Petitioner's remaining contentions have been examined and found to be without merit.

Spain, J. P., Graffeo, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.