■ In the Matter of LUQMAN H. ABDULLAH, Appellant, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [722 NYS2d 281] —Spain, J. Appeal from a judgment of the Supreme Court (McGill, J.), entered October 8, 1999 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying petitioner's grievance.

Petitioner filed a grievance alleging that he was denied his right to the free exercise of religion because he was not permitted to return to his cell to perform ritual cleansing required by his Muslim faith before attending Jumu'ah services and because requests by Muslim inmates to attend those services while in keeplock status are routinely denied.* Respondent Superintendent of the Clinton Correctional Facility denied the grievance and that determination was upheld upon administrative appeal. Petitioner then commenced this proceeding challenging the determination. Supreme Court dismissed the petition and this appeal ensued.

Initially, we reject petitioner's argument that he has been denied his constitutional right to free exercise of religion by not being permitted to bathe in his cell before attending religious services. Although ritual cleansing before attending services is mandatory in the Islamic faith, petitioner concedes that a full bath in a tub or shower is not essential (*see, Matter of Abdullah v Coughlin*, 131 AD2d 471). The record before us reveals that petitioner is permitted to perform the ritual cleansing in the bathroom facilities in the program area where he works or in the mosque prior to attending services. Petitioner did not proffer any viable reason before Supreme Court as to why this alternative is inadequate to accommodate his religious beliefs. Thus, petitioner has failed to identify any infringement on a constitutional right (*see, id.*, at 471-472).

We turn next to petitioner's allegation that respondents arbitrarily and consistently refuse to grant the requests of

---

* Petitioner's grievance also charged that alternative meals to Muslims were denied while in keeplock. Petitioner informs us that inasmuch as alternative meals are now available to any inmate in confinement regardless of housing location, the matter is no longer at issue.

Muslim inmates to attend religious services while in keeplock. Contrary to the findings by Supreme Court, we note that petitioner did present evidence that on two occasions while he was in keeplock he made specific requests, in accordance with established facility procedures, to attend religious services and that those requests were denied. We find nothing arbitrary or capricious about these denials, however, inasmuch as they appear to have been legitimately based on petitioner's institutional record. Indeed, petitioner does not specifically challenge the denial of his own requests but instead argues that, as a general proposition, the requests of Muslim inmates to attend religious services while in keeplock are routinely and arbitrarily denied. The record is devoid of any evidence to support this conclusory assertion. Accordingly, the petition was properly dismissed (*see, Matter of Cliff v Eagen*, 272 AD2d 687, 688; *Matter of Campbell v Eagen*, 272 AD2d 699, 700).

Cardona, P. J., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.