■ In the Matter of RONALD ALVAREZ, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [726 NYS2d 466] —Crew III, J. Appeal from a judgment of the Supreme Court (LaBuda, J.), entered April 8, 2000 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying petitioner's grievance.

When petitioner's request to participate in the Family Reunion Program (hereinafter the FRP) was denied, he filed a grievance pursuant to the Inmate Grievance Program. Petitioner pursued an administrative appeal from the initial denial of his grievance and, when that appeal was unsuccessful, he commenced this CPLR article 78 proceeding to review the final determination of the grievance process. Supreme Court dismissed the petition, prompting this appeal by petitioner.

An inmate's right to apply for participation in the FRP is dependent upon his or her facility of residence offering the program (*see*, 7 NYCRR 220.2). Petitioner is incarcerated in Sullivan Correctional Facility (hereinafter SCF) Annex, a minimum security facility in Sullivan County. Although SCF Annex does not offer the FRP, such program is offered at SCF. In addition, a nearby medium security facility also offers the FRP, and eligible inmates from that facility use the FRP facilities at SCF. Based upon the participation of other inmates in the FRP at SCF, petitioner contends that the refusal to allow his participation is arbitrary and discriminatory.

Although SCF Annex apparently is in close proximity to SCF and the facilities share some administrative services, the record demonstrates that the two facilities are separate and distinct. The record also demonstrates that the FRP is not offered at minimum security facilities. Accordingly, petitioner is not incarcerated in a facility that offers the FRP and, therefore, he has no right to apply for participation in the FRP (*see,* 7 NYCRR 220.2).

As long as the FRP "is implemented in a reasonable manner, consistent with the inmate's status as a prisoner and the legitimate operational considerations of the institution, it will withstand judicial scrutiny" (*Matter of Mary of Oakknoll v Coughlin,* 101 AD2d 931, 932). We are of the view that the exclusion from the FRP program of inmates who soon will be released and reunited with their families promotes administrative convenience and efficiency by providing the FRP to those who need it most—inmates with no expectancy of imminent release whose participation in the FRP may be the only means to preserve and strengthen family ties that will be disrupted by continued long-term incarceration, which is the goal of the FRP (*see,* 7 NYCRR 220.1). For petitioner and other inmates in minimum security facilities that goal will be served by reunification with their families when they are released in the near future. Accordingly, the denial of petitioner's request to participate in the FRP has a rational basis and is neither arbitrary nor discriminatory. Supreme Court's judgment dismissing the petition is, therefore, affirmed.

Cardona, P. J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.