■ In the Matter of JOHNATHAN JOHNSON, Appellant, v MICHAEL McGINNIS, as Superintendent of Southport Correctional Facility, et al., Respondents. [734 NYS2d 507] —Appeal from a judgment of the Supreme Court (O'Shea, J.), entered May 3, 2001 in Chemung County, which, in a proceeding pursuant to CPLR article 78, *inter alia,* dismissed the petition for failure to state a cause of action.

Petitioner commenced this CPLR article 78 proceeding in the nature of mandamus, alleging that respondents had failed to provide him with dental care which he considers necessary. The record discloses that petitioner filed a grievance proceeding in October 2000 seeking dental treatment for his front teeth and that, following a hearing, his request was granted by respondent Superintendent of Southport Correctional Facility. This decision was affirmed on administrative appeal in January 2001, with the notation that a dentist had recently been hired by the facility and that petitioner's name had been placed on a list of inmates who had requested dental treatment.

It is evident that when petitioner initiated this proceeding in April 2001, there was no longer " 'an actual controversy reviewable by [a CPLR] article 78 proceeding or otherwise' " inasmuch as respondents had ordered the dental care requested by petitioner and he had only to wait his turn (*Matter of Cliff v Goodman,* 274 AD2d 723, quoting *Matter of Hall v State of New York Dept. of Corrections,* 88 AD2d 1102). We, accordingly, conclude that the petition herein was properly dismissed.

Mercure, J. P., Peters, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.