■ In the Matter of JAMES CLIFF, Petitioner, v P. BRADY, as Correction Officer at Great Meadow Correctional Facility, et al., Respondents. [737 NYS2d 168] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review (1) a determination of respondent Superintendent of Great Meadow Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules and (2) four determinations of the Central Office Review Committee which denied petitioner's grievances.

In September 2000, petitioner filed separate grievances concerning his participation in the Family Reunion Program and an alleged incident of harassment by facility staff. Shortly thereafter, he was served with two misbehavior reports charging him with the violation of several prison disciplinary rules in separate incidents. Claiming that, in both incidents, he was the victim of abuse and assault by correction officers, petitioner filed a third grievance and he thereafter filed a fourth grievance alleging that the misbehavior reports were written in retaliation for his prior complaints about the conduct of facility staff. Petitioner was ultimately found guilty of the charges contained in the first of the misbehavior reports, while the initial determination of his guilt of the charges in the second report was reversed on his administrative appeal. All four grievances were denied and he commenced this CPLR article 78 proceeding to challenge the determinations.

With regard to the determination finding petitioner guilty of verbal harassment and refusal to obey a direct order, the detailed misbehavior report of the incident and testimony of the author of the report confirming its accuracy provide

substantial evidence to support the determination (*see, Matter of McKins v James*, 285 AD2d 889; *Matter of Burr v Goord*, 284 AD2d 881). Petitioner's retaliation defense presented a question of credibility for the Hearing Officer to resolve (*see, Matter of Dawes v Selsky*, 280 AD2d 816, *lv denied* 96 NY2d 712). Petitioner's rights were not abridged by the Hearing Officer's ruling that evidence on the issue of whether the author of the misbehavior report followed proper procedure was irrelevant (*see, Matter of Barnes v Selsky*, 278 AD2d 707), for evidence that does not relate to petitioner's innocence or serve to mitigate his guilt is properly excluded (*see, Matter of Konigsberg v Selsky*, 255 AD2d 702). Petitioner's remaining claims regarding the determination of his guilt have been examined and are lacking in merit.

Turning to the determinations denying petitioner's grievances, the record establishes that each denial was not arbitrary and capricious and has a rational basis, thereby exhausting the scope of our review (*see, e.g., Matter of Alvarez v Goord*, 282 AD2d 890). Where, as is the case with regard to each of petitioner's grievances, an appropriate investigation of the matter reveals nothing to substantiate petitioner's claims, which were denied by the facility staff member or members allegedly involved, there is no basis for this Court to disturb the determination denying the grievance (*see, Matter of Cliff v Eagen*, 272 AD2d 687). With regard to petitioner's participation in the Family Reunion Program, we note that as long as the program " 'is implemented in a reasonable manner consistent with the inmate's status as a prisoner and the legitimate operational considerations of the institution, it will withstand judicial scrutiny' " (*Matter of Alvarez v Goord, supra* at 891, quoting *Matter of Mary of Oakknoll v Coughlin*, 101 AD2d 931, 932). To the extent that petitioner's challenge to the denial of his grievances is based on the claimed inadequacy and ineffectiveness of the grievance procedure itself, we have previously held that such a challenge does not present a justiciable controversy (*see, Matter of Cliff v Goodman*, 274 AD2d 723). Petitioner's remaining claims regarding the grievances have been considered and are lacking in merit.

Peters, J.P., Spain, Mugglin and Rose, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.