Spain, J.
Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered October 9, 2001 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner’s request for the return of his rechargeable beard trimmer.
Petitioner, an inmate at the Groveland Correctional Facility in Livingston County, was found to be in possession of a rechargeable electric beard trimmer in violation of correctional facility rules. Seeking the return of his beard trimmer or permission to order an identical unit, petitioner filed a grievance with the Inmate Grievance Resolution Committee. Following a full investigation, petitioner’s request was denied, which determination was affirmed by respondent upon administrative appeal. Petitioner commenced this CPLR article 78 proceeding to challenge respondent’s determination. Supreme Court dismissed the petition and denied petitioner’s applications for discovery and an extension of time to conduct discovery: Petitioner appeals, and we affirm.
Initially, we reject petitioner’s contention that Supreme Court erred in denying his discovery motions. In a proceeding of this nature, discovery is available only by leave of the court (see CPLR 408) and Supreme Court “has broad discretion in granting or denying disclosure, although it must balance the needs of the party seeking discovery against such opposing interests as expedition and confidentiality” (Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs., 253 AD2d 8, 16 [1999]). Here, petitioner has failed to demonstrate a need for further disclosure.
Turning to respondent’s determination, the record establishes that the denial of petitioner’s grievance was not arbitrary and *650 capricious and has a rational basis. Where, as here, “an appropriate investigation of the matter reveals nothing to substantiate petitioner’s claims, . . . there is no basis for this Court to disturb the determination denying the grievance” (Matter of Cliff v Brady, 290 AD2d 895, 896 [2002], lv dismissed and denied 98 NY2d 642 [2002]; see Matter of Cliff v Eagen, 272 AD2d 687, 688 [2000]). The rules of the Department of Correctional Services leave to the discretion of the superintendent at each facility the determination of which types of electric beard trimmers inmates will be permitted to possess. Petitioner violated the Groveland Correctional Facility rule—which permits battery powered beard trimmers only—by possessing an electric trimmer with a built-in rechargeable power source. We reject petitioner’s specific claim that Supreme Court improperly relied on Matter of Piper v Coughlin (99 AD2d 511 [1984]) in dismissing his petition, inasmuch as Matter of Piper clearly supports the proposition for which it was cited—that a battery powered trimmer provides another adequate method by which petitioner can trim his hair.
Petitioner’s remaining contentions are unpersuasive. Given that a full investigation was conducted and a hearing held before the administrative determination was rendered, petitioner has been given a full and fair opportunity to be heard. In addition, there is no record support for petitioner’s claim that Supreme Court was biased.
Her cure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.