Peters, J.
Appeal from a judgment of the Supreme Court (Feldstein, J.), entered November 18, 2002 in Clinton County, which granted petitioner’s application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondents denying petitioner’s request to participate in the family reunion program.
Petitioner, an inmate at the Clinton Correctional Facility in Clinton County, applied for participation in the family reunion program (hereinafter FRP) with his wife. His application was supported by his guidance counselor and the superintendent. Respondent Frank Bushey, the family reunion coordinator, recommended its denial indicating that petitioner first “needs to complete [the sex offender program]” since his incarceration is based upon his repeated forcible rape of his 14-year-old biological daughter (see People v Rosas, 306 AD2d 91 [2003]). As a sex offender and a central monitoring case,* petitioner’s application was subject to “[s]pecial review” (7 NYCRR 220.2 [c]). After being forwarded to the central office of the Department of Correctional Services (hereinafter DOCS), it was denied because of “the nature of [petitioner’s] offense.”
Petitioner appealed the determination and later commenced the instant proceeding when no response to that appeal was forthcoming. Thereafter, the Assistant Commissioner of Program Services formally denied petitioner’s appeal, citing the reason for his central monitoring status, the nature of his crime, the age of the victim, the relationship of the victim to petitioner and the “[sensitive nature of the [FRP] to the participation of [s]ex [offenders.” Supreme Court granted petitioner’s petition *666 and. remitted his FRP application finding that the determination lacked an articulated connection between petitioner’s special review trigger and the specifics of his application “such that valid security or other identifiable concerns militate [d] against [its] approval.”
We disagree. The regulations detailing the parameters for acceptance into the FRP articulate numerous factors considered by DOCS in the exercise of its discretion (see 7 NYCRR 220.2 et seq.). Moreover, participation is not a constitutionally protected right (see Matter of Doe v Coughlin, 71 NY2d 48, 55 [1987], cert denied 488 US 879 [1988]) and, “[a]s long as the FRP ‘is implemented in a reasonable manner, consistent with the inmate’s status as a prisoner and the legitimate operational considerations of the institution, it will withstand judicial scrutiny’ ” (Matter of Alvarez v Goord, 282 AD2d 890, 891 [2001], quoting Matter of Mary of Oakknoll v Coughlin, 101 AD2d 931, 932 [1984]; see Matter of Cliff v Brady, 290 AD2d 895, 896 [2002], lv dismissed and denied 98 NY2d 642 [2002]). Notably, the regulation cautions that as a precondition, “active participation or actual program completion may be required” (7 NYCRR 220.2 [a] [3] [iii]); this was precisely the basis articulated by Bushey when he recommended a denial. With additional reasons set forth by respondents, we fail to find that the denial of petitioner’s application “ ‘violated any positive statutory requirement or denied [him] a constitutional right’ ” (Matter of Williams v Recore, 251 AD2d 833, 834 [1998], quoting Matter of Gonzalez v Wilson, 106 AD2d 386, 386 [1984]). Nor can we conclude that the determination was “ ‘affected by irrationality bordering on impropriety’ ” (Matter of Williams v Recore, supra at 834, quoting Matter of Gonzalez v Wilson, supra at 386-387) or that the significant delay by respondents in addressing petitioner’s appeal resulted in substantial prejudice (see Matter of Ortiz v Goord, 302 AD2d 830, 831 [2003]).
Mercure, Crew III and Lahtinen, JJ., concur; Cardona, EJ., not taking part. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.

 Petitioner’s central monitoring case status was due to two undisposed attempted murder arrests, as well as a robbery conviction in Illinois.