■ In the Matter of JOHN M. HARTY, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [769 NYS2d 915]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered March 13, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services, inter alia, revoking petitioner's status as having completed a sex offender program.

---

Petitioner satisfactorily completed a sex offender program (hereinafter SOP) in May 2000, while he was an inmate at Gowanda Correctional Facility in Cattaraugus County. In January 2002, however, his completion status was revoked, based upon his possession of several magazines containing photographs of nude women. To regain his completion status, petitioner was notified that he would be required to take the SOP again. Petitioner filed a grievance, challenging the revocation of his status. The grievance was denied, as were his administrative appeals. Petitioner then commenced this CPLR article 78 proceeding which was dismissed by Supreme Court, prompting this appeal.

Judicial review of administrative decisions denying inmate grievances is limited to a determination of whether the challenged determination is irrational, arbitrary or capricious (*see Matter of Cliff v Brady*, 290 AD2d 895 [2002], *lv denied and dismissed* 98 NY2d 642 [2002]; *Matter of Cliff v Eagen*, 272 AD2d 687 [2000]). No such showing has been made here. The agreement that petitioner signed on entering the program prohibited his possession of pornography\* "at any time," and the manual he was given stated, "The prohibition of pornography is intended for all sex offenders in [Department of Correctional Services SOPs] or for those offenders who have completed the sex offender counseling program. If accessing, possession and/or use of pornography is detected by program staff, this will result in removal from the program, documentation in the guidance file and notification to parole." As these are clear indications that petitioner was not to possess pornography, both during and after completion of the program, the revocation of petitioner's SOP completion status and the requirement that he retake the course cannot be characterized as irrational, arbitrary or capricious nor is the decision affected by an error of law; accordingly, judicial intervention is not warranted (*see generally Matter of White v Goord*, 278 AD2d 694 [2000]; *Matter of Lamberty v Schriver*, 277 AD2d 527, 528 [2000]; *Matter of Jones v Coombe*, 269 AD2d 632 [2000], *lv denied* 95 NY2d 755 [2000]). Petitioner's remaining arguments lack merit.

Mercure, J.P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

\* The referenced agreement defines pornography as including "publications and photos depicting nudity of any type."