■ In the Matter of EUSTACE PAYNE, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [783 NYS2d 702]—

Appeal from a judgment of the Supreme Court (Cannizzaro, J.), entered July 7, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request to participate in the family reunion program.

Petitioner was incarcerated following his conviction of the crimes of rape in the first and second degrees, and sodomy in the first and second degrees, stemming from his sexual abuse of his stepdaughter while she was between the ages of 9 and 11, which resulted in an aborted pregnancy. In June 2001, he applied for participation in the family reunion program (hereinafter the FRP) so that he could receive private visits from his wife, the victim's mother. His application was denied and the denial was upheld on administrative appeal. Thereafter, in April 2002, petitioner filed another application to participate in the FRP and made inquiries to prison officials concerning the steps he should take to ensure acceptance into the program. He was advised that his eligibility could not be determined in advance. Although petitioner had completed a sex offender counseling program, his application was again denied and that denial was upheld on administrative appeal. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the denial. Supreme Court dismissed the petition, resulting in this appeal.

Initially, we note that participation in the FRP is a privilege, not a right, and the decision of whether to grant an inmate's request to participate is discretionary (*see Matter of Doe v Coughlin*, 125 AD2d 783, 784 [1986], *affd* 71 NY2d 48 [1987], *cert denied* 488 US 879 [1988]). The denial of an inmate's request to participate in the FRP will be upheld if it has a rational basis (*see Matter of Couser v Goord*, 1 AD3d 663, 664 [2003]; *Matter of Rosas v Baker*, 1 AD3d 665, 666 [2003], *lv denied* 1 NY3d 508 [2004]). Here, petitioner's request was denied based upon the nature of his crimes and the fact that petitioner's "participation in [the] FRP may serve to [jeopardize] the safety and security of the program site and participants." The heinous nature of petitioner's crimes, involving the victimization of a young child, provides a legitimate basis for the denial of his request. The fact that the request was limited to petitioner's wife, who is an adult, does not detract from the egregious character of petitioner's acts. Although petitioner completed sex offender counseling, this does not automatically entitle him to participate in the FRP (*see generally Matter of*

*Doe v Coughlin,* 71 NY2d 48, 55-56 [1987]). Moreover, we note that respondent expressly declined to guarantee petitioner's acceptance on his completion of any such program. Under these circumstances, we discern no reason to disturb the dismissal of the petition.

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.