■ In the Matter of ANTHONY CORRENTI, Appellant, v SHIRLEY BAKER, as Department of Correctional Services Coordinator of Family Services, Respondent. [797 NYS2d 627]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered July 13, 2004 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request to participate in the family reunion program.

Petitioner, an inmate at Clinton Correctional Facility in Clinton County, applied for participation in the family reunion program (hereinafter FRP). As a sex offender and a central monitoring case, petitioner's application was subject to "[s]pecial review" pursuant to 7 NYCRR 220.2 (c). His application was denied and, having not yet received a response to his administrative appeal, he commenced a CPLR article 78 proceeding challenging the determination. While that proceeding was pending, respondent issued a final determination denying petitioner's application, finding, among other things, that his status as a convicted child sex offender created security concerns that precluded his participation in the FRP. Supreme Court annulled that determination and directed respondent to more adequately set forth the reasons for such security concerns as it related to petitioner's underlying crimes.

Upon remittal, respondent again denied petitioner's application, finding that the presence of children and the potential for violence by other inmates and family members created a serious threat to petitioner's safety and the safety of the FRP site. Petitioner then commenced the instant CPLR article 78 proceeding seeking to annul that determination. Supreme Court dismissed the petition. Petitioner now appeals.

It is well established that participation in the FRP is a privilege not a right and, as such, the decision to grant or deny an applicant's request is discretionary in nature and will be upheld if it has a rational basis (see Matter of Payne v Goord, 12 AD3d 733, 734 [2004]). Here, petitioner's request was denied based upon the nature of his sex offenses, including the number and young age of his victims, and the security threat that children who could be in petitioner's presence could pose. Additionally, the record reveals that petitioner's participation, when compounded with the lack of security staff on site, could also jeopardize his own safety—a concern which required his placement in a separate protective unit of the correctional facility. In

light of the foregoing, we are satisfied that the FRP in this case " 'is implemented in a reasonable manner, consistent with the inmate's status as a prisoner and the legitimate operational considerations of the institution' " (*Matter of Alvarez v Goord*, 282 AD2d 890, 891 [2001], quoting *Matter of Mary of Oakknoll v Coughlin*, 101 AD2d 931, 932 [1984]; *accord Matter of Rosas v Baker*, 1 AD3d 665, 666 [2003], *lv denied* 1 NY3d 508 [2004]) and, therefore, conclude that Supreme Court properly dismissed the petition. We have examined petitioner's remaining contentions and find them to be without merit.

Cardona, P.J., Crew III, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.