■ In the Matter of WILLIAM McKETHAN, Appellant, v STEVEN KAFKA, as Senior Investigator of the New York State

Department of Correctional Services, et al., Respondents. [819 NYS2d 204]—

Appeal from a judgment of the Supreme Court (Clemente, J.), entered September 27, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents refusing to expunge certain references from his institutional record.

Petitioner, a prison inmate, initially made a self-referral to the Residential Substance Abuse Treatment (hereinafter RSAT) program. Subsequently, his correction counselor also referred him to the RSAT program based upon a 1996 urinalysis misbehavior adjudication. Petitioner refused to participate in the RSAT program and his grievance regarding the counselor's referral was denied. After exhausting his administrative remedies, petitioner commenced this proceeding challenging the determination. Supreme Court ultimately dismissed petitioner's application to have the referral expunged from his institutional record. Petitioner now appeals.

Our review of the determination is limited to whether it is irrational, arbitrary or capricious (see Matter of Matos v Goord, 27 AD3d 940, 941 [2006]; Matter of Harty v Goord, 3 AD3d 701, 702 [2004]). Respondents relied upon petitioner's voluntary request for treatment, a previous disciplinary infraction involving a violation of urinalysis procedures and petitioner's criminal and institutional record in support of the determination that he requires the RSAT program. Inasmuch as these are legitimate reasons for referral under the directives of the Department of Correctional Services and the Department has considerable discretion in determining the program needs of inmates, we cannot conclude that respondents' determination was irrational, arbitrary or capricious. We have considered petitioner's remaining contentions, including his arguments that Supreme Court improperly expanded the scope of this proceeding and relied upon grounds beyond those relied upon by respondents, and find them unpersuasive.

Cardona, P.J., Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.