■ In the Matter of JAVIER GOMEZ, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [823 NYS2d 610]—

Spain, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered April 19, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to

CPLR article 78, to, inter alia, review a determination of the Central Office Review Committee denying his grievance.

Petitioner currently is serving concurrent prison terms of 25 years to life and 5 to 10 years at the Eastern Correctional Facility in Ulster County for his 1993 convictions of murder in the second degree and attempted murder in the second degree, respectively. On March 9, 2004, petitioner's institutional program plan was revised to include a recommendation that he participate in a Residential Substance Abuse Treatment (hereinafter RSAT) program. Petitioner challenged this recommendation on the ground that, in 1989, while serving a prior sentence for a 1988 drug-related conviction at Oneida Correctional Facility in Oneida County, he completed an Alcohol and Substance Abuse Treatment (hereafter ASAT) program and that his 1993 murder conviction was not drug related and he has had no drug addiction problems since his completion of the ASAT program.

The facility superintendent rejected petitioner's objection and that determination was subsequently affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding and Supreme Court dismissed his petition, holding that the determination establishing the RSAT program requirement had a rational basis. On petitioner's appeal, we now affirm.

Our review of this administrative determination is limited to ascertaining "whether there is a rational basis for the decision or whether it is arbitrary and capricious" (*Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 363 [1987]; *see Matter of Brown v Goord*, 19 AD3d 773, 775 [2005]). The ASAT Programs Operations Manual issued by the Department of Correctional Services provides the ASAT program staff with the authority to refer inmates to the ASAT program "based on institutional records or self-reports indicating alcohol or substance abuse." Petitioner admitted, in connection with his participation in the ASAT program, that prior to his incarceration he had abused alcohol, crack, cocaine and marihuana. That prior conviction involved his possession of five pounds of cocaine. Further, the record indicates that petitioner completed only 10 weeks of the ASAT program, whereas the RSAT program calls for six months of treatment, and that, when discharged from the ASAT program, it was recommended that petitioner continue support and counseling programs related to his drug problems. Under these circumstances, and given that "the Department of Correctional Services has considerable discretion in determining the program needs of inmates," we find that the determination that petitioner participate in the RSAT program has a rational basis

in the record and will not be disturbed (*Matter of McKethan v Kafka*, 31 AD3d 1078, 1079 [2006]; *see Matter of Simmons v Taylor*, 31 AD3d 1028, 1028 [2006]).

Peters, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.