In the Matter of JOHN D. JUSTICE, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [903 NYS2d 791]——

Spain, J.P. Appeal from a judgment of the Supreme Court (Sackett, J.), entered August 28, 2009 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.

The Office of Mental Health (hereinafter OMH) provides services in correctional facilities to mentally ill inmates who require psychiatric treatment (*see* Correction Law § 401). The treatment needs of a particular inmate are determined following an assessment performed by OMH personnel. Here, petitioner was designated as a "service level one" recipient—indicating that he suffered from "major/serious mental illness . . . with active symptoms requiring treatment." After petitioner's request to be reassigned to service level two was denied by his treatment team, petitioner filed an inmate grievance challenging his level one status and arguing that OMH did not have an appeal procedure in place for inmates who are dissatisfied with their service level designation. Petitioner also asserted that the inmate grievance process was unconstitutional because it does not apply to actions taken by "outside agencies" even though such actions, like those administered by OMH employees here, are performed in a correctional facility and may detrimentally impact inmates (*see* 7 NYCRR 701.3 [f]).[1]

Petitioner's grievance was denied and, after the Central Office Review Committee failed to timely rule on his administrative appeal, petitioner commenced this CPLR article 78 proceeding. While this proceeding was pending in Supreme Court, however, OMH reclassified petitioner to service level three. Consequently, Supreme Court granted respondent's motion to dismiss the proceeding as moot. Petitioner appeals.

We agree with Supreme Court that petitioner's redesignation

---

1. Certain correctional facilities are unequipped to provide level one services. Thus, a level one inmate otherwise eligible to serve his or her sentence in a medium security facility might nonetheless be confined in a maximum security facility.

to a lower service level classification[2] has rendered moot the controversy underlying this judicial proceeding. Moreover, the Attorney General has advised this Court that OMH has instituted an administrative appeal policy applicable to inmate complaints. Accordingly, as these issues do not fall within the exception to the mootness doctrine, Supreme Court properly dismissed the petition (*see Matter of McKethan v Leclaire*, 47 AD3d 1151 [2008]; *Matter of Karlin v Goord*, 18 AD3d 906, 907 [2005], *lv denied* 5 NY3d 717 [2005]). Finally, as petitioner is no longer aggrieved, his constitutional challenge to the inmate grievance process does not present a justiciable controversy (*see Matter of Cliff v Goodman*, 274 AD2d 723 [2000]; *Matter of Hall v State of N.Y. Dept. of Corrections*, 88 AD2d 1102 [1982]).

Lahtinen, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

**2.** Petitioner's subsequent reclassification to service level two—because OMH no longer employs a service level three designation—does not change our holding. Petitioner initially requested that his service level be changed from one to two.