*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 16, 2015                    518996
_____

In the Matter of MIGUEL
    VASQUEZ,
                        Appellant,

        v                                        MEMORANDUM AND ORDER

BRIAN FISCHER, as Commissioner
    of Corrections and
    Community Supervision,
                        Respondent.
_____

Calendar Date:  February 24, 2015

Before:  Peters, P.J., Garry, Lynch and Devine, JJ.

                        _____


        Miguel Vasquez, Beacon, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Martin A.
Hotvet of counsel), for respondent.

                        _____


        Appeal from a judgment of the Supreme Court (Elliott III,
J.), entered May 7, 2014 in Greene County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Central Office
Review Committee denying petitioner's grievance.

        Petitioner, a prison inmate, filed a grievance challenging
various aspects of the system implemented to discipline inmates
(see Correction Law §§ 112 [1]; 137 [2]; 7 NYCRR 250.1 et seq.).
The grievance was denied as unsubstantiated and, upon
administrative review, the Central Office Review Committee upheld
that denial.  Petitioner subsequently commenced this CPLR article
78 proceeding and, following joinder of issue, Supreme Court
dismissed the petition.  Petitioner now appeals.

We affirm. In order to assert a valid grievance, "[a]n inmate must be personally affected by the policy or issue he/she is grieving, or must show that he/she will be personally affected by that policy or issue unless some relief is granted or changes made" (7 NYCRR 701.3 [b]). Petitioner did not point to any specific occasion in which he has been, or will be, impacted by the alleged failings in the disciplinary process. Accordingly, the Central Office Review Committee rationally determined that petitioner had not "substantiate[d] any malfeasance by staff" that would warrant the granting of relief (see Matter of Cliff v Brady, 290 AD2d 895, 896 [2002], lv dismissed and denied 98 NY2d 642 [2002]). To the extent that the grievance reflects petitioner's generalized dissatisfaction with the disciplinary process, such does not present a justiciable controversy (see Matter of Justice v Fischer, 74 AD3d 1648, 1649 [2010], lv denied 15 NY3d 710 [2010]; Matter of Cliff v Brady, 290 AD2d at 896).

Peters, P.J., Garry, Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court