■ In the Matter of MITCHELL KALWASINSKI, Appellant, v CENTRAL OFFICE REVIEW COMMITTEE, NYS DOCCS, Respondent. [56 NYS3d 914]—

Appeal from a judgment of the Supreme Court (Ceresia, J.),

entered July 11, 2016 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's grievance.

Petitioner, an inmate, filed a grievance claiming that his signature had been forged on a form indicating that he refused to participate in a prison program. Based on the alleged forgery, petitioner requested, among other things, that the form be declared null and void. Following an investigation, respondent denied his grievance, finding that there was insufficient evidence to support the allegation of forgery or malfeasance on the part of staff. Thereafter, petitioner commenced this CPLR article 78 proceeding and, following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

We affirm. "Judicial review of the denial of an inmate grievance is limited to whether such determination was arbitrary and capricious, irrational or affected by an error of law" (*Matter of Kairis v Fischer*, 149 AD3d 1427, 1428 [2017] [internal quotation marks and citations omitted]). "Where . . . an appropriate investigation of the matter reveals nothing to substantiate petitioner's claims, which were denied by the facility staff member or members allegedly involved, there is no basis for this Court to disturb the determination denying the grievance" (*Matter of Cliff v Brady*, 290 AD2d 895, 896 [2002] [citation omitted], *lv dismissed and denied* 98 NY2d 642 [2002]). Here, in investigating petitioner's grievance, the facility staff member whose contemporaneous signature appears on the program refusal notification form denied forging petitioner's signature. As there was no evidence presented to substantiate petitioner's allegation of forgery, the denial of his grievance was not irrational or arbitrary and capricious (*see Matter of Zulu v Egan*, 1 AD3d 649, 649-650 [2003]; *Matter of Cliff v Brady*, 290 AD2d at 896). Petitioner's remaining contentions, to the extent that they are preserved, are without merit.

Peters, P.J., McCarthy, Lynch, Rose and Mulvey, JJ., concur. Ordered that the judgment is affirmed, without costs.