Matter of Loucks v Annucci (2019 NY Slip Op 06035)





Matter of Loucks v Annucci


2019 NY Slip Op 06035


Decided on August 1, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 1, 2019

527492

[*1]In the Matter of ROBERT LOUCKS, Appellant,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date: June 21, 2019

Before: Mulvey, J.P., Devine, Aarons, Rumsey and Pritzker, JJ.


Robert Loucks, Ossining, appellant pro se.
Letitia James, Attorney General, Albany (Allyson B. Levine of counsel), for respondents.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (McNally Jr., J.), entered September 10, 2018 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Corrections and Community Supervision denying his request to participate in the family reunion program.
Petitioner is serving an aggregate prison term of 45 years to life upon his two separate convictions of murder in the second degree; petitioner beat an elderly man to death in August 2010 and, four months later, strangled his pregnant girlfriend with whom he was residing while separated from his wife. In March 2017, petitioner applied to participate in the family reunion program in order to visit with his wife (in favor of whom an order of protection previously had been entered against petitioner), son and stepdaughter. Shortly thereafter, petitioner supplemented his application to reflect, among other things, his various accomplishments while incarcerated.
Although petitioner's application was approved at the facility level, due to the heinous nature of petitioner's crimes, his history of domestic violence and the prior order of protection, his application was subject to special review (see 7 NYCRR 220.2 [c] [1] [iii], [x]; Dept of Corr & Community Supervision Directive No. 4500 § IV [C] [3], [7]). Following such review, petitioner's application was denied. Upon petitioner's administrative appeal, the denial was upheld due to the nature of petitioner's underlying crimes, his history of domestic violence and the instability in his marriage prior to his incarceration. Petitioner then commenced this CPLR article 78 proceeding to challenge that determination. Following joinder of issue, Supreme Court dismissed the petition, finding that the denial of petitioner's request to participate in the family reunion program was rational. This appeal ensued.
"[P]articipation in the family reunion program is a privilege and not a right, and the decision whether an inmate may participate is heavily discretionary and, as such, will be upheld if it has a rational basis" (Matter of Garcia v Morris, 140 AD3d 1441, 1441 [2016] [internal quotation marks and citations omitted], lv denied 28 NY3d 905 [2016]; see Matter of Marshall v New York State Dept. of Corr. & Community Supervision, 167 AD3d 1115, 1116 [2018], lv denied 33 NY3d 901 [2019]; Matter of Cabassa v Goord, 40 AD3d 1281, 1281 [2007]). The nature of petitioner's crimes, his history of domestic violence and the legitimate safety concerns raised by such history provided a rational basis upon which to deny petitioner's request to participate in the family reunion program (see Matter of Marshall v New York State Dept. of Corr. & Community Supervision, 167 AD3d at 1116-1117; Matter of Gordon v Morris, 144 AD3d 1338, 1339 [2016], lv denied 28 NY3d 914 [2017]; Matter of Payne v Goord, 12 AD3d 733, 734 [2004]). Petitioner's related claim — that the denial of his request to participate in the family reunion program did not comply with Department of Corrections and Community Supervision Directive No. 4500 — is equally unpersuasive. Even assuming that the challenged subdivision (see Dept of Corr & Community Supervision Directive No. 4500 § [VI] [A] [7] [d]) applied to petitioner's request, "as long as the [family reunion program] is implemented in a reasonable manner, consistent with the inmate's status as a prisoner and the legitimate operational considerations of the institution, it will withstand judicial scrutiny" (Matter of Rosas v Baker, 1 AD3d 665, 666 [2003] [internal quotation marks, brackets and citations omitted], lv denied 1 NY3d 508 [2004]; see Matter of Correnti v Baker, 19 AD3d 945, 947 [2005], lv denied 5 NY3d 715 [2005]). Petitioner was advised of the reasons for the denial of his request and of the time frame within which he could reapply; we discern neither an abuse of discretion in this regard nor any infirmity in the administration of the family reunion program. Accordingly, Supreme Court's judgment dismissing the petition is affirmed.
Mulvey, J.P., Devine, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.