Matter of Stevenson v Smith (2019 NY Slip Op 06657)





Matter of Stevenson v Smith


2019 NY Slip Op 06657


Decided on September 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 19, 2019

527183

[*1]In the Matter of Frank R. Stevenson, Appellant,
v
Alicia Roberts Smith, as Director of Ministerial, Family and Volunteer Services, et al., Respondents.

Calendar Date: August 30, 2019

Before: Garry, P.J., Lynch, Mulvey, Aarons and Pritzker, JJ.


Frank R. Stevenson, Ossining, appellant pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.



Appeal from a judgment of the Supreme Court (Zwack, J.), entered August 7, 2018 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Corrections and Community Supervision denying his request to participate in the family reunion program.
Petitioner, who is serving an aggregate prison term of 25 years upon his convictions of rape in the first degree and sexual abuse in the first degree (two counts), applied to participate in the family reunion program. Petitioner's application was subject to special review because he had been convicted of a sex crime against a child (see 7 NYCRR 220.2 [c] [1] [iii], [viii]; Dept of Corr & Community Supervision Directive No. 4500 § IV [C] [4], [5]). Following such review, petitioner's application was denied due to the nature of his crimes and the corresponding safety and security concerns relative to his participation in the program. The denial was administratively upheld based upon the nature of petitioner's crimes and his failure to complete a required sex offender treatment program, prompting petitioner to commence this CPLR article 78 proceeding to challenge that determination. Following joinder of issue, Supreme Court dismissed the petition, finding that the denial of petitioner's request to participate in the family reunion program was rational. This appeal ensued.[FN1]
We affirm. "[P]articipation in the family reunion program is a privilege and not a right, and the decision whether an inmate may participate is heavily discretionary and, as such, will be upheld if it has a rational basis" (Matter of Garcia v Morris, 140 AD3d 1441, 1441 [2016] [internal quotation marks and citations omitted], lv denied 28 NY3d 905 [2016]; see Matter of Loucks v Annucci, ___ AD3d ___, ___, 2019 NY Slip Op 06035, *1 [2019]; Matter of Marshall v New York State Dept. of Corr. & Community Supervision, 167 AD3d 1115, 1116 [2018], lv denied 33 NY3d 901 [2019]; Matter of Cabassa v Goord, 40 AD3d 1281, 1281 [2007]). As the applicant, petitioner was subject to certain eligibility preconditions, including participation in therapeutic programs identified or sanctioned by the Department of Corrections and Community Supervision, and "[a]ctive participation [in] or actual completion [of such programs] may be required to satisfy this precondition" (7 NYCRR 220.2 [a] [3]; see Matter of Rosas v Baker, 1 AD3d 665, 666 [2003], lv denied 1 NY3d 508 [2004]; Matter of Mercer v Goord, 258 AD2d 960, 960 [1999], lv denied 93 NY2d 812 [1999]; Dept of Corr & Community Supervision Directive No. 4500 § [IV] [A] [2] [e]). In our view, the nature of petitioner's crimes against his 10-year-old victim, the unfulfilled — and entirely reasonable — requirement that petitioner engage in and complete certain sex offender treatment and the legitimate safety concerns identified by respondents provide a rational basis for the denial of petitioner's request to participate in the family reunion program (see Matter of Correnti v Baker, 19 AD3d 945, 946 [2005], lv denied 5 NY3d 715 [2005]; Matter of Payne v Goord, 12 AD3d 733, 734 [2004]). We note that petitioner may reapply in 24 months, if he completes such programming and demonstrates positive conduct. Petitioner's procedural challenges to the processing and/or denial of his application have been examined and found to be lacking in merit.
Garry, P.J., Lynch, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Petitioner's subsequent motion to reargue was denied.