Matter of Holland v Central Off. Review Comm. (2021 NY Slip Op 02024)





Matter of Holland v Central Off. Review Comm.


2021 NY Slip Op 02024


Decided on April 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 1, 2021

527502

[*1]In the Matter of Claude Holland, Appellant,
v
Central Office Review Committee, Respondent.

Calendar Date: March 5, 2021

Before: Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Claude Holland, Ray Brook, appellant pro se.
Letitia James, Attorney General, Albany (Allyson B. Levine of counsel), for respondent.



Appeal from a judgment of the Supreme Court (McGrath, J.), entered August 14, 2018 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's grievance.
Petitioner currently is serving a prison term of 25 years to life upon his 1977 conviction of murder in the second degree and robbery in the first degree. The charges stemmed from an incident wherein petitioner and his codefendants robbed a check-cashing facility, during the course of which one of the codefendants shot and killed an off-duty transit detective (Holland v Scully, 797 F2d 57, 59 [2d Cir 1986], cert denied 479 US 870 [1986]). Petitioner's conviction was affirmed upon his direct appeal (People v Holland, 80 AD2d 753 [1981]), and he thereafter filed a habeas corpus petition in federal court. Ultimately, the United States Court of Appeals for the Second Circuit concluded that petitioner's trial was tainted and remanded the matter to the District Court with a directive to grant the writ unless petitioner was retried within a reasonable period of time (Holland v Scully, 797 F2d at 70). Petitioner was retried and again was convicted of murder in the second degree and robbery in the first degree, and his conviction was affirmed by the Second Department upon direct appeal (People v Holland, 179 AD2d 822 [1992], lv denied 79 NY2d 1050 [1992]).
In February 2017, petitioner filed an inmate grievance alleging that his incarceration was illegal due to his wrongful conviction and seeking $10 million in damages. The crux of petitioner's argument centered upon challenges to the indictment underlying his conviction and the scope of the Second Circuit's remand for a new trial. Following a hearing, the Inmate Grievance Resolution Committee denied petitioner's grievance, citing 7 NYCRR 701.3 (f) and noting that the substance of petitioner's grievance was a matter for judicial resolution. Petitioner appealed to the facility superintendent, who affirmed the initial denial. Petitioner then appealed to respondent, which ultimately concluded that the substance of petitioner's grievance sought judicial relief and, therefore, did not fall within the jurisdiction of the inmate grievance process.
In the interim, petitioner commenced this CPLR article 78 proceeding — alleging that his incarceration was illegal and, therefore, the denial of his grievance was arbitrary and capricious. Following respondent's answer and petitioner's reply, Supreme Court dismissed petitioner's application, finding that the actions of which petitioner complained — specifically, his retrial and subsequent conviction — were undertaken by entities not under the control of the Department of Corrections and Community Supervision (hereinafter DOCCS) and, hence, were not within the jurisdiction of the inmate grievance process. This appeal ensued.
We affirm. "Judicial review of the denial of an inmate grievance is limited [*2]to whether such determination was arbitrary and capricious, irrational or affected by an error of law" (Matter of Reed v Annucci, 182 AD3d 883, 884 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 908 [2020], lv dismissed and denied 35 NY3d 1075 [2020]; accord Matter of Kalwasinski v Central Off. Review Comm., NYS DOCCS, 153 AD3d 993, 994 [2017]; Matter of Shoga v Annucci, 122 AD3d 1180, 1180 [2014]). Consistent with the provisions of 7 NYCRR 701.3 (f), "[a]ny policy, regulation or rule of an outside agency . . . or action taken by an entity not under the supervision of the [C]ommissioner [of Corrections and Community Supervision] is not within the jurisdiction of the [inmate grievance program]." As petitioner's grievance raises legal challenges to his conviction and the underlying indictment, he must seek judicial relief that, in turn, is beyond the jurisdiction of DOCCS; unless and until such relief is granted, "DOCCS is conclusively bound by the contents of [petitioner's] commitment papers" (Matter of Jackson v Fischer, 132 AD3d 1038, 1039 [2015] [internal quotation marks and citations omitted]). Accordingly, petitioner's grievance was properly denied. Petitioner's remaining contentions, including his assertion that DOCCS has a legal duty to remand this matter to the trial court for further proceedings, have been examined and found to be lacking in merit.
Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.