Matter of Simpson v State of N.Y. (DOCCS) (2022 NY Slip Op 00923)





Matter of Simpson v State of N.Y. (DOCCS)


2022 NY Slip Op 00923


Decided on February 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 10, 2022

532812
[*1]In the Matter of Theodore Simpson, Appellant,
v
State of New York (DOCCS), Respondent.

Calendar Date:January 10, 2022

Before:Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ.

Theodore Simpson, Dannemora, appellant pro se.
Letitia James, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondent.



Clark, J.
Appeal from a judgment of the Supreme Court (Collins, J.), entered January 12, 2021 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying petitioner's grievance.
Petitioner, an incarcerated individual, was informed while serving his sentence that he was required to participate in an Alcohol and Substance Abuse Treatment program. In response, petitioner filed a grievance in November 2019 challenging the factual basis for said requirement. His grievance was ultimately denied by the Central Office Review Committee, and he thereafter commenced this CPLR article 78 proceeding to challenge that determination. Supreme Court dismissed the petition, and this appeal ensued.
We affirm. "Judicial review of the denial of an [incarcerated individual's] grievance is limited to whether such determination was arbitrary and capricious, irrational or affected by an error of law" (Matter of Reed v Annucci, 182 AD3d 883, 884 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 908 [2020], lv dismissed and denied 35 NY3d 1075 [2020]; accord Matter of Holland v Central Off. Review Comm., 193 AD3d 1120, 1121 [2021]). The Alcohol and Substance Abuse Treatment program operations manual does not limit the program to solely those with a diagnosed or previously established pattern of alcohol or drug abuse but instead extends participation to incarcerated individuals with a prison disciplinary history of alcohol and/or drug infractions. In this regard, it is well established that "[respondent] has considerable discretion in determining the program needs of [incarcerated individuals]" (Matter of Gomez v Goord, 34 AD3d 963, 964 [2006] [internal quotation marks and citation omitted]; see Matter of Vega v Fischer, 91 AD3d 1245, 1246 [2012]). The record here reflects that petitioner's grievance was denied on the basis of his prison disciplinary history involving drug use and possession. Accordingly, we find no basis upon which to disturb the denial of petitioner's grievance (see Matter of Rodriguez v Goord, 50 AD3d 1328, 1328 [2008]; Matter of Gomez v Goord, 34 AD3d at 964-965). Petitioner's remaining arguments, to the extent that they are properly before us and not explicitly addressed herein, have been considered and found to be without merit.
Egan Jr., J.P., Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.