Matter of Johnson v Uhler (2022 NY Slip Op 03421)





Matter of Johnson v Uhler


2022 NY Slip Op 03421


Decided on May 26, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 26, 2022

532757
[*1]In the Matter of Johnathan Johnson, Appellant,
v
Donald Uhler, as Superintendent of Upstate Correctional Facility, et al., Respondents.

Calendar Date:April 18, 2022

Before:Garry, P.J., Egan Jr., Colangelo, Ceresia and Fisher, JJ.

Johnathan Johnson, Malone, appellant pro se.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondents.



Egan Jr., J.
Appeal from a judgment of the Supreme Court (Zwack, J.), entered January 26, 2021 in Albany County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Central Office Review Committee denying his grievance.
Petitioner, an incarcerated individual at Upstate Correctional Facility, filed a grievance alleging that he was purposely and maliciously being served cold, hard rice. Respondent Central Office Review Committee, among other things, upheld the denial of his grievance, finding, among other things, that leftover rice may be used for subsequent meals and that it was being properly reheated. Petitioner then commenced this CPLR article 78 proceeding, alleging, among other things, that the preparation and service of the cold, hard rice violated his Eighth Amendment right inasmuch as food is a basic necessity of life and presented an immediate danger to his health and well-being, and sought an order compelling respondents to serve him Kosher rice. Following joinder of issue, petitioner moved to supplement the petition to include an additional claim about the facility serving watery and cold grits, which motion respondents opposed. Supreme Court denied petitioner's motion and dismissed the petition. This appeal ensued.
Initially, we find no error in Supreme Court dismissing the petition. "Judicial review of the denial of an [incarcerated individual's] grievance is limited to whether such determination was arbitrary and capricious, irrational or affected by an error of law" (Matter of Reed v Annucci, 182 AD3d 883, 884 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 908 [2020], lv dismissed and denied 35 NY3d 1075 [2020]). "Where . . . an appropriate investigation of the matter reveals nothing to substantiate [the] petitioner's claims, which were denied by the facility staff member or members allegedly involved, there is no basis for this Court to disturb the determination denying the grievance" (Matter of Kalwasinski v Central Off. Review Comm., NYS DOCCS, 153 AD3d 993, 994 [2017] [internal quotation marks and citations omitted]; accord Matter of Zulu v Egan, 1 AD3d 649, 650 [2003]). The record establishes that petitioner's grievance was investigated and the investigation revealed no malfeasance or use of substandard-quality food in the preparation of petitioner's meal tray, despite the fact that leftover rice could be reheated and used for subsequent meals. As there was no evidence presented to substantiate petitioner's allegations with regard to the alleged inedible or harmful nature of the rice, the denial of his grievance was not irrational or arbitrary and capricious (see Matter of Kalwasinski v Central Off. Review Comm., NYS DOCCS, 153 AD3d at 994; Matter of Barnes v Bellamy, 137 AD3d 1391, 1392 [2016]).
As for petitioner's assertion that he was being deprived of basic food and that his health and well-being were [*2]in immediate danger in violation of the Eighth Amendment, it was incumbent upon petitioner "to allege that: (1) objectively, the deprivation he suffered was sufficiently serious that he was denied the minimal civilized measure of life's necessities, and (2) subjectively, [the facility] acted with a sufficiently culpable state of mind, such as deliberate indifference to [an incarcerated individual's] health or safety" (Johnson v Haug, 193 AD3d 1200, 1201 [2021] [internal quotation marks, brackets and citations omitted], lv denied 37 NY3d 908 [2021]). Even if the facility was serving cold, hard rice, petitioner has not demonstrated that such conduct "constitute[s] a sufficiently serious deprivation to satisfy the objective element of an Eighth Amendment violation" or that, subjectively, it demonstrates a deliberate indifference to petitioner's health so as to substantiate an Eighth Amendment violation (id. at 1201-1202).
We find no abuse of discretion in Supreme Court denying petitioner's request to supplement the petition, as the additional claim was not alleged in the grievance at issue (see Matter of Green v Bradt, 91 AD3d 1235, 1237 [2012], lv denied 19 NY3d 802 [2012]). Further, there is no indication that petitioner has exhausted his administrative remedies in connection with that new complaint (see Matter of Fulton v Reynolds, 83 AD3d 1308, 1308 [2011]). We have reviewed petitioner's remaining contentions and find them to be lacking in merit.
Garry, P.J., Colangelo, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, without costs.