Spain, J.
Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered February 7, 2003 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner’s request to participate in the family reunion program.
While incarcerated in the Monroe County jail, petitioner hired a hit man to kill a potential witness, who instead killed the witness’s wife and shot her two grandchildren. Upon his subsequent conviction of murder in the first degree, murder in the second degree, attempted murder in the second degree and conspiracy in the first degree, petitioner was sentenced to life in prison without parole. While serving that sentence, petitioner was granted permission to marry, married in December 2001, and thereafter applied to participate in the family reunion program (hereinafter FRP), whereby selected inmates are given the opportunity to meet privately with family members for an extended period of time (see 7 NYCRR 220.1). Due to the heinous nature of petitioner’s crimes, his application was denied. After exhausting administrative remedies, petitioner commenced the instant CPLR article 78 proceeding challenging the determination as irrational. Supreme Court dismissed the petition and petitioner appeals.
We affirm. In determining whether a particular prisoner shall be granted participation in the FRR respondents must consider and balance a number of delineated factors, including whether the prisoner has “been convicted of heinous or unusual crimes” (7 NYCRR 220.2 [c] [1] [iii]; see Matter of Doe v Coughlin, 71 NY2d 48, 55 [1987], cert denied 488 US 879 [1988]). The administrative decision process is “heavily discretionary” (Matter of Doe v Coughlin, supra at 56) and denial of participation will be upheld if it has a rational basis (see Matter of Cliff v Brady, 290 AD2d 895, 896 [2002], lv dismissed and denied 98 NY2d 642 [2002]; Matter of Alvarez v Goord, 282 AD2d 890, 891 [2001]; Matter of Mary of Oakknoll v Coughlin, 101 AD2d 931, 932 [1984]). Due to the egregious nature of petitioner’s crimes, he will never be released from prison. Accordingly, petitioner’s participation in the FRP cannot further that program’s goals of sustaining “family ties that have been disrupted as a result of incarceration,” because his family ties did not predate his *665 incarceration, and he will never return to society (7 NYCRR 220.1). Under these circumstances, we conclude that the determination is supported by a rational basis.
Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.