■ In the Matter of JOSEPH STACIONE, Appellant, v SHIRLEY BAKER, as Coordinator of Ministerial and Family Services, Respondent. [804 NYS2d 278]—

Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered February 7, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's application to participate in the family reunion program.

Petitioner is currently incarcerated, having been convicted of second degree murder and two counts of criminal sale of a controlled substance in the third degree. In November 2003, he submitted an application to participate in the family reunion program (hereinafter FRP) at Green Haven Correctional Facility in Dutchess County. Based upon recommendations from facility staff, the Central Office denied petitioner's request because petitioner refused recommended substance abuse treatment. After this determination was upheld on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

We affirm. Preliminarily, we note that participation in the FRP is a privilege, not a right, and the " 'heavily discretionary' " decision to deny a request to participate will be upheld if it has a rational basis (*Matter of Georgiou v Daniel*, 21 AD3d 1230, 1231 [2005]; *see Matter of Correnti v Baker*, 19 AD3d 945 [2005], *lv denied* 5 NY3d 715 [2005]; *Matter of Bierenbaum v Goord*, 13 AD3d 945, 946 [2004]). Petitioner's failure to undergo substance abuse treatment as recommended by his guidance counselor provides a rational basis for the denial of his request to participate in the FRP as the pertinent regulations require such programming as a precondition to eligibility under the circumstances presented here (*see* 7 NYCRR 220.2 [a] [3] [ii]). Accordingly, the petition was properly dismissed.

Mercure, J.P., Peters, Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.