■ In the Matter of STEVE WILLIAMSON, Appellant, v JOHN H. NUTTALL, as Deputy Commissioner of Program Services, Respondent. [825 NYS2d 802]—

Appeal from a judgment of the Supreme Court (Kavanagh,

J.), entered March 21, 2006 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Correctional Services denying petitioner's application to participate in the family reunion program.

Petitioner is currently serving a prison sentence of life without parole for the beating and stabbing attack of his sister-in-law, in which his sister-in-law died. In November 2004, petitioner applied to participate in the family reunion program with his wife and mother at Shawangunk Correctional Facility in Ulster County. Petitioner's application was denied based on the heinous nature of his crime and due to the fact that his sentence of life without parole prevented him from achieving the program's goal of strengthening familial relations in anticipation of release from incarceration. Nevertheless, apparently due to an administrative error, petitioner received notice in April 2005 that a visit with his mother had been approved for June 2005. Following that visit, petitioner again applied, and received approval, for another visit with his mother. However, prior to the date of such visit, petitioner was notified that the approval was rescinded. Petitioner appealed and was informed that the initial visit had been approved in error. Petitioner commenced this CPLR article 78 proceeding challenging that determination and Supreme Court dismissed the petition. Petitioner now appeals.

We affirm. The decision to deny an inmate participation in the family reunion program is "heavily discretionary" and will not be disturbed if supported by a rational basis (*Matter of Doe v Coughlin*, 71 NY2d 48, 56 [1987], *cert denied* 488 US 879 [1988]; *see Matter of Correnti v Baker*, 19 AD3d 945, 946 [2005], *lv denied* 5 NY3d 715 [2005]). Here, the record reflects that the appropriate factors were considered, including the heinous nature of the crime (*see* 7 NYCRR 220.2 [c] [1] [iii]). In addition, petitioner's sentence precludes the possibility that he will return to society and, thus, it was properly determined that his participation in the program cannot satisfy the program's goal of maintaining "family ties that have been disrupted as a result of incarceration" (7 NYCRR 220.1; *see Matter of Doe v Coughlin, supra* at 52; *Matter of Couser v Goord*, 1 AD3d 663, 664-665 [2003]). Petitioner's contention that his sentence does not necessarily preclude his release because there exists the theoretical possibility that he could be released on medical furlough or due to the reversal of his conviction is unpersuasive. Based on the foregoing, we conclude that the determination is supported by a rational basis.

Cardona, P.J., Crew III, Peters, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.