Appeal from a judgment of the Supreme Court (Platkin, J.), entered January 24, 2008 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR *887 article 78, to review a determination of respondent denying his request to participate in the family reunion program.
Following the execution-style shooting of his parents and four siblings, petitioner was convicted of six counts of murder in the second degree and is currently serving a term of 25 years to life in prison. After marrying his second wife, he applied for participation in the family reunion program at the correctional facility where he is incarcerated. His application was denied and the denial was upheld on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the denial. Following joinder of issue, Supreme Court dismissed the petition, finding that the denial was neither arbitrary nor capricious. Petitioner now appeals.
We affirm. As an initial matter, we note that decisions regarding participation in the family reunion program are “heavily discretionary” (Matter of Doe v Coughlin, 71 NY2d 48, 56 [1987], cert denied 488 US 879 [1988]) and will be upheld if they have a rational basis (see Matter of Stacione v Baker, 24 AD3d 843 [2005]; Matter of Georgiou v Daniel, 21 AD3d 1230, 1231 [2005]). Among the factors to be considered are whether the petitioner “has ‘been convicted of heinous or unusual crimes’ ” (Matter of Couser v Goord, 1 AD3d 663, 664 [2003], quoting 7 NYCRR 220.2 [c] [1] [iii]). The denial in the instant case was based upon this factor and is completely rational considering the brutal nature of the crimes committed by petitioner (see e.g. Matter of Williamson v Nuttall, 35 AD3d 926, 927 [2006]; Matter of Payne v Goord, 12 AD3d 733, 734 [2004]). We find no merit to petitioner’s constitutional claims. Consequently, Supreme Court properly dismissed the petition.
Mercure, J.P, Peters, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.