■ In the Matter of GEORGE PHILIPS, Appellant, v COMMISSIONER OF CORRECTIONAL SERVICES, Respondent. [885 NYS2d 138]—

Appeal from a judgment of the Supreme Court (McDonough,

J.), entered October 23, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying his request to participate in the family reunion program.

Petitioner, currently incarcerated, was convicted of various counts of rape and sodomy resulting from separate incidents in which he assaulted four teenage girls, three of them at gunpoint (*People v Philips*, 30 AD3d 620 [2006], *lvs denied* 8 NY3d 949, 989 [2007]). In August 2007, he applied to participate in the family reunion program at Eastern Correctional Facility in Ulster County and the application, upon recommendation by facility staff, was denied based upon the nature of petitioner's offenses. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

We affirm. Participation in the family reunion program is not a right, but a privilege, and the decision about whether an inmate may participate is "heavily discretionary" and will be upheld if it has a rational basis (*Matter of Doe v Coughlin*, 71 NY2d 48, 56 [1987], *cert denied* 488 US 879 [1988]; *see Matter of Williamson v Nuttall*, 35 AD3d 926, 927 [2006]; *Matter of Stacione v Baker*, 24 AD3d 843 [2005]). Among the factors to be considered is the nature of the petitioner's conviction, particularly where it was heinous or unusual (*see* 7 NYCRR 220.1 *et seq.*; *Matter of Doe v Coughlin*, 71 NY2d at 55 n 1; *Matter of Defeo v New York State Dept. of Correctional Servs.*, 56 AD3d 886, 887 [2008]). Inasmuch as the record demonstrates that respondent considered the appropriate factors, including petitioner's acceptable disciplinary record and participation in counseling programs, we find that the denial based upon the brutal nature of petitioner's crimes was "completely rational" and, thus, Supreme Court properly dismissed the petition (*Matter of Defeo v New York State Dept. of Correctional Servs.*, 56 AD3d at 887; *see Matter of Payne v Goord*, 12 AD3d 733, 734-735 [2004]). We reject petitioner's argument that the reasons given for the denial of his 2006 application compel any particular result here, inasmuch as "each application is subjected to a new discretionary review" (*Matter of Doe v Coughlin*, 71 NY2d at 56).

We have considered petitioner's remaining contentions and find them to be without merit.

Cardona, P.J., Mercure, Rose, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.