■ In the Matter of WILLIAM RODRIGUEZ, Appellant, v CHERYL V. MORRIS, as Director of Ministerial Family and Volunteer Services, Respondent. [979 NYS2d 546]—

Petitioner, an inmate, applied to participate in the family reunion program with his wife and three children at Greenhaven Correctional Facility in Dutchess County. Due to the fact that petitioner was designated a central monitoring case, his application was subject to special review to determine eligibility (see 7 NYCRR 220.2 [c] [i]). Upon review, petitioner's application was denied based upon his status as a fugitive for 10 years and the fact that he attempted to escape when detained during his most recent arrest by freeing himself from handcuffs and leading officers on a high-speed chase after stealing a drug enforcement agent's vehicle. Petitioner's administrative appeal was unsuccessful, prompting him to commence this CPLR article 78 proceeding challenging the denial. Following joinder of issue, Supreme Court dismissed the petition, and this appeal ensued.

We are unpersuaded by petitioner's contention that denial of his application based upon his escape history was arbitrary and capricious, absent a conviction therefrom. "Participation in the family reunion program is not a right, but a privilege, and the decision about whether an inmate may participate is 'heavily discretionary' and will be upheld if it has a rational basis" (Matter of Philips v Commissioner of Correctional Servs., 65 AD3d 1407, 1408 [2009], quoting Matter of Doe v Coughlin, 71 NY2d 48, 56 [1987], cert denied 488 US 879 [1988] [citations omitted]). 7 NYCRR 220.2 (c) specifically permits the consideration of a prisoner's "entire case record." Accordingly, the Department of Corrections and Community Supervision properly considered petitioner's escape history and security concerns presented thereby. As this presents a rational reason for the denial of petitioner's application (see e.g. Matter of Cabassa v Goord, 40 AD3d 1281, 1281 [2007]), the determination will not be disturbed.

We have reviewed petitioner's constitutional claims and find them to be without merit.

Peters, P.J., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.