*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 25, 2015                    519842
_____

In the Matter of RICHARD
    RODRIGUEZ,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  May 5, 2015

Before:  McCarthy, J.P., Garry, Lynch and Devine, JJ.

                    _____


        Richard Rodriguez, Wallkill, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M.
Treasure of counsel), for respondent.

                    _____


        Appeal from a judgment of the Supreme Court (Gilpatric,
J.), entered August 7, 2014 in Ulster County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent denying his
request to participate in the family reunion program.

        In 1998, petitioner was convicted of a number of crimes,
the most serious of which was murder in the first degree, after
he violently assaulted, strangled and stabbed a female
acquaintance, resulting in her death (Rodriguez v Smith, 485 F
Supp 2d 368, 373 [SD NY 2007]).  He was sentenced to a term of
life in prison.  During his incarceration, he got married and, in
December 2012, he applied to participate in the family reunion
program.  Because he was designated a central monitoring case,

his application was subject to special review (see 7 NYCRR 220.2 [c] [1] [i]). Upon such review, his application was denied and the denial was upheld on administrative appeal. Petitioner commenced this CPLR article 78 proceeding challenging the denial and, following joinder of issue, Supreme Court dismissed the petition. This appeal ensued.

Initially, it is to be noted that participation in a family reunion program is a privilege, not a right (see Matter of Rodriguez v Morris, 113 AD3d 1011, 1012 [2014]; Matter of Philips v Commissioner of Correctional Servs., 65 AD3d 1407, 1408 [2009]). The determination of "whether an inmate may participate is 'heavily discretionary' and will be upheld if it has a rational basis" (Matter of Philips v Commissioner of Correctional Servs., 65 AD3d at 1408, quoting Matter of Doe v Coughlin, 71 NY2d 48, 56 [1987], cert denied 488 US 879 [1988]; see Matter of Defeo v New York State Dept. of Correctional Servs., 56 AD3d 886, 887 [2008]). Here, the denial of petitioner's application was based upon his history, specifically including, but not limited to, consideration of the brutal nature of his crimes and the perceived safety and security risk that he thereby posed to his potential visitors and the facility. We find that the denial was rational under the circumstances presented here (see Matter of Philips v Commissioner of Correctional Servs., 65 AD3d at 1408; Matter of Defeo v New York State Dept. of Correctional Servs., 56 AD3d at 887; Matter of Correnti v Baker, 19 AD3d 945, 946-947 [2005], lv denied 5 NY3d 715 [2005]). We have considered petitioner's remaining contentions and find them to be lacking in merit.

McCarthy, J.P., Garry, Lynch and Devine, JJ., concur.

-3-                    519842

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court