*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   November 19, 2015                    518621
_____

In the Matter of KEVIN R.
    MAYS,
                        Appellant,

        v

CHERYL MORRIS, as Director of
    Ministerial, Family and
    Volunteer Services of the
    Department of Corrections
    and Community Supervision,
                        Respondent.
_____

MEMORANDUM AND ORDER

Calendar Date:   October 22, 2015

Before:   Peters, P.J., Garry, Rose and Clark, JJ.

_____

        Kevin R. Mays, Elmira, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Allyson B.
Levine of counsel), for respondent.

_____

Clark, J.

        Appeal from a judgment of the Supreme Court (Breslin, J.),
entered November 26, 2013 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent denying his
request to participate in the family reunion program.

        After holding up a toll collector at gun point, petitioner
was convicted of robbery in the first degree and robbery in the
second degree for which he was sentenced to 25 years to life in
prison (People v Mays, 232 AD2d 332 [1996], lv denied 89 NY2d 926

[1996]; see Mays v Kelly, US Dist Ct, SD NY, 98 Civ 550, Cedarbaum, J., 2000). He is currently incarcerated at the Elmira Correctional Facility in Chemung County and filed an application to participate in the family reunion program (hereinafter FRP) with his wife and two stepchildren. Because he was classified as a central monitoring case, his application was subject to special review (see 7 NYCRR 220.2 [c] [1] [i]). Following such review, his application was denied and the denial was upheld by respondent on administrative appeal. Respondent based the denial upon the seriousness of petitioner's prior crimes and his extensive prison disciplinary record, together with his lack of commitment to his marriage. Petitioner commenced this CPLR article 78 proceeding challenging respondent's determination and, following joinder of issue, Supreme Court dismissed the petition. Petitioner now appeals.

Initially, it is well settled that participation in the FRP is a privilege and not a right (see Matter of Doe v Coughlin, 71 NY2d 48, 55 [1987], cert denied 488 US 879 [1988]; Matter of Rodriguez v Annucci, 129 AD3d 1417, 1418 [2015]). The determination of whether an inmate may participate is "heavily discretionary" and will be upheld if it has a rational basis (Matter of Doe v Coughlin, 71 NY2d at 56; see Matter of Philips v Commissioner of Correctional Servs., 65 AD3d 1407, 1408 [2009]). Here, respondent appropriately considered the brutal nature of petitioner's crimes, including the crimes of conviction as well as his prior crimes, which involved gun-point robberies of other victims (see 7 NYCRR 220.2 [c] [1]; see also Matter of Phillips v Commissioner of Correctional Servs., 65 AD3d at 1408). Respondent also properly considered petitioner's numerous prison disciplinary violations, many of which involved violent and disruptive conduct (see 7 NYCRR 220.2 [c] [1]; see also Matter of Philips v Commissioner of Correctional Servs., 65 AD3d at 1408).[1] These factors provided a rational basis for the denial of petitioner's request to participate in the FRP. Although respondent also relied upon petitioner's lack of commitment to

_____

[1] Even absent the disciplinary determination that was administratively reversed and expunged, petitioner's disciplinary history is extensive.

his marriage and concedes that the factual basis for this consideration was not sufficiently explained, remittal is not necessary as we do not invoke different grounds for upholding the determination but adhere to the grounds relied upon for which there is factual support (compare Matter of Bierenbaum v Goord, 13 AD3d 945, 946 [2004]).  We have considered petitioner's procedural and constitutional claims and find them to be unavailing.

Peters, P.J., Garry and Rose, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court