*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: May 19, 2016                    520784
_____

In the Matter of SHAWN M.
    CAMPBELL,
                        Appellant,

            v                                    MEMORANDUM AND ORDER

CHERYL MORRIS, as Director of
    Ministerial, Family and
    Volunteer Services, et al.,
                        Respondents.
_____

Calendar Date:  April 26, 2016

Before:  Peters, P.J., Lahtinen, Egan Jr., Devine and Mulvey, JJ.

                        _____


        Shawn M. Campbell, Coxsackie, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Allyson B.
Levine of counsel), for respondents.

                        _____


Peters, P.J.

        Appeal from a judgment of the Supreme Court (Melkonian,
J.), entered March 16, 2015 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent Director of
Ministerial, Family and Volunteer Services denying petitioner's
application to participate in the family reunion program.

        Petitioner was convicted of multiple crimes, including two
counts of murder in the second degree, and, in 2006, he was
sentenced as a second felony offender to an aggregate term of 25
years to life in prison.  At the time of his incarceration, he
was married to his first wife, who he divorced in 2009.  He

married his second wife in 2010 while he was in prison, but later divorced her as well. In 2012, petitioner married his third wife and, in December 2013, he filed an application to participate in the family reunion program (hereinafter FRP) with her. His application underwent special review (see 7 NYCRR 220.2 [c] [1]) and was subsequently denied on the grounds that there was no disruption of family ties and that petitioner's multiple marriages did not demonstrate a commitment to preserving family ties. After that determination was upheld on administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging it. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

It is well settled that an inmate's participation in the FRP is a privilege and not a right (see Matter of Doe v Coughlin, 71 NY2d 48, 55 [1987], cert denied 488 US 879 [1988]; Matter of Rodriquez v Annucci, 129 AD3d 1417, 1418 [2015]). The determination of whether an inmate may participate is "heavily discretionary" and will not be disturbed if it has a rational basis (Matter of Doe v Coughlin, 71 NY2d at 56; see Matter of Mays v Morris, 133 AD3d 1050, 1051 [2015]; Matter of Stacione v Baker, 24 AD3d 843, 843 [2005]). Significantly, the goal of the FRP is "to preserve, enhance and strengthen family ties that have been disrupted as a result of incarceration" (7 NYCRR 220.1; see Matter of Williamson v Nuttall, 35 AD3d 926, 927 [2006]).

Here, petitioner's third marriage occurred while he was in prison serving a life sentence. Given that this marriage did not predate his incarceration, petitioner's participation in the FRP would not further the goal of sustaining family ties that have been disrupted due to incarceration (see Matter of Couser v Goord, 1 AD3d 663, 664-665 [2003]). In addition, petitioner was married to three different women between 2009 and 2012, two of whom he met while in prison. Such conduct does not evince a commitment to preserving familial relations. In view of the foregoing, we find that the denial of petitioner's application has a rational basis. We further find that petitioner's equal protection argument is without merit (see generally Matter of Doe v Coughlin, 71 NY2d at 56-57).

Lahtinen, Egan Jr., Devine and Mulvey, JJ., concur.


ORDERED that the judgment is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court