*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 16, 2016                    521739
_____

In the Matter of PETER GARCIA,
                    Appellant,

        v

CHERYL V. MORRIS, as Director of          MEMORANDUM AND ORDER
    Ministerial, Family and
    Volunteer Services of the
    Department of Corrections
    and Community Supervision,
                    Respondent.
_____


Calendar Date:  May 3, 2016

Before:  Lahtinen, J.P., Egan Jr., Devine, Mulvey and Aarons, JJ.

                    _____


        Peter Garcia, Fallsburg, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kate H.
Nepveu of counsel), for respondent.

                    _____


        Appeal from a judgment of the Supreme Court (Hard, J.),
entered July 8, 2015 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Department of
Corrections and Community Supervision denying his request to
participate in the family reunion program.

        In 1995, shortly after he was released on parole,
petitioner shot his wife in the head with an automatic weapon,
causing her death, and also shot her son and nephew, all in the
presence of their four-year-old daughter.  He was convicted of
murder in the second degree, attempted murder in the second
degree and other crimes and was sentenced to an aggregate prison

term of 45 years to life. During his incarceration, he got married and participated in the family reunion program and, in June 2013, he again applied and requested that his wife's adult grandson be added to the list of visitors approved to participate in the program. Because, among other things, petitioner had a history of domestic violence, his application was subject to special review (see 7 NYCRR 220.2 [c] [1] [x]; Dept of Corr & Community Supervision Directive No. 4500 § IV [C] [6]). Upon such review, his application was denied, and the denial was upheld on administrative appeal. Petitioner commenced this CPLR article 78 proceeding challenging the denial and, following joinder of issue, Supreme Court dismissed the petition on the merits. This appeal followed.

We affirm. Under settled law, participation in the family reunion program is a privilege and not a right, and the decision whether an inmate may participate is "heavily discretionary" and, as such, will be upheld if it has a rational basis (see Matter of Doe v Coughlin, 71 NY2d 48, 56 [1987], cert denied 488 US 879 [1988]; Matter of Mays v Morris, 133 AD3d 1050, 1051 [2015]). Prior participation in the program does not guarantee that a future application will be approved and, contrary to petitioner's claim, his application requesting the addition of a new family member over the age of 12 required that his application be subjected to full-cycle review with the final determination made by the Deputy Commissioner of Program Services (or a designee) after reviewing recommendations from facility staff (see 7 NYCRR 220.4, 220.5, 220.6; Dept of Corr & Community Supervision Directive No. 4500 § VI at 4-7). Here, given petitioner's history of domestic violence, the Department of Corrections and Community Supervision properly considered the "entire case record," including the violent nature of his crimes which [it] found reflects "a lack of regard for human life," and his prior convictions for armed robbery and kidnapping; also appropriately considered were his appeal statements placing blame on the victim (7 NYCRR 220.2 [c] [1]; Matter of Mays v Morris, 133 AD3d at 1051; Matter of Rodriguez v Annucci, 129 AD3d 1417, 1418 [2015]). We do not agree with petitioner's argument that the full review of his application should have been limited to evaluating the new family member, as this interpretation is not supported by the language of the governing regulations or any other authority.

Further, the Department correctly concluded that since the goal of the family reunion program is "to preserve, enhance, and strengthen family ties that have been <u>disrupted as a result of incarceration</u>" (Dept of Corr & Community Supervision Directive No. 4500 § I [emphasis added]), program visits with petitioner's wife, who he married while incarcerated, and her children and grandchildren "would not be relevant to the core purpose of the program."  We find that the foregoing provided a rational basis for the denial of petitioner's application.  Petitioner's remaining claims have been reviewed and determined to lack merit.

Lahtinen, J.P., Egan Jr., Devine, Mulvey and Aarons, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court