*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    July 28, 2016                    521878
_____

In the Matter of RASHAD SCOTT,
                    Appellant,

        v                                        MEMORANDUM AND ORDER

THERESA A. RICHEY, as
    Director of Ministerial,
    Family and Volunteer
    Services,
                    Respondent.
_____

Calendar Date:   June 6, 2016

Before:   Peters, P.J., Lahtinen, Garry, Lynch and Mulvey, JJ.

                    _____

        Rashad Scott, Stormville, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Allyson B. Levine of counsel), for respondent.

                    _____

        Appeal from a judgment of the Supreme Court (Cortese, J.), entered October 8, 2015 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying his request to participate in the family reunion program.

        In December 2010, petitioner, an inmate, was found guilty of violating the prison disciplinary rules that prohibit drug possession.  In 2011, petitioner's application for participation in the family reunion program (hereinafter FRP) was denied based upon the drug-related disciplinary determination and he was informed that he could reapply for consideration upon his completion of a comprehensive substance abuse program, including, among other things, participation in 24 sessions of narcotics

anonymous.  In 2013, petitioner reapplied to participate in the FRP with his father.  Petitioner's application was denied, and, on administrative appeal, that determination was affirmed based upon the nature of his convictions evincing a need for alcohol and substance abuse treatment and his December 2010 drug-related disciplinary determination.  Petitioner commenced this CPLR article 78 proceeding challenging this determination, and, following joinder of issue, Supreme Court dismissed the petition.  This appeal ensued.

We are unpersuaded by petitioner's contention that the decision to deny his application for participation in the FRP is arbitrary and capricious and not supported by a rational basis.  "Participation in the [FRP] is not a right, but a privilege, and the decision about whether an inmate may participate is heavily discretionary and will be upheld if it has a rational basis" (Matter of Philips v Commissioner of Correctional Servs., 65 AD3d 1407, 1408 [2009] [internal quotation marks and citations omitted]).  Although petitioner submitted evidence to Supreme Court that he participated in narcotics anonymous, attending over 24 sessions, it is unclear whether this information was included with his application for FRP.  Regardless, participation in the narcotics program rendered him eligible to apply for the FRP but "does not automatically entitle him to participate in the FRP" (Matter of Payne v Goord, 12 AD3d 733, 734 [2004]; see Matter of Doe v Coughlin, 71 NY2d 48, 55-56 [1987], cert denied 488 US 879 [1988]).  In any event, the nature of his crimes indicating a need for substance abuse treatment and his regression with drug possession in December 2010 provide a rational basis for the denial of his FRP application (see Matter of Stacione v Baker, 24 AD3d 843, 843 [2005]), "as each application is subjected to a new discretionary review" (Matter of Philips v Commissioner of Correctional Servs., 65 AD3d at 1408 [internal quotation marks and citation omitted]).  Accordingly, the petition was properly dismissed.

Peters, P.J., Lahtinen, Garry, Lynch and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court