## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  November 17, 2016          520858
_____

In the Matter of FERNANDO
   GORDON,
                    Appellant,

        v                                MEMORANDUM AND ORDER

CHERYL MORRIS, as Director of
   Ministerial, Family and
   Volunteer Services for the
   Department of Corrections
   and Community Supervision,
                    Respondent.

_____

Calendar Date:  October 20, 2016

Before:  McCarthy, J.P., Lynch, Devine, Mulvey and Aarons, JJ.

_____

        Fernando Gordon, Wallkill, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen Treasure of counsel), for respondent.

_____

Lynch, J.

        Appeal from a judgment of the Supreme Court (McDonough, J.), entered March 2, 2015 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request to participate in the family reunion program.

        In 1994, petitioner and two accomplices were involved in the robbery of a hair salon during which they drew their weapons and terrorized patrons of the salon.  One patron, who was a

police officer, engaged in a gun battle with the intruders and petitioner attempted unsuccessfully to shoot the officer when his gun jammed before ultimately fleeing the scene.  As a result of this incident, petitioner was convicted of a number of crimes, including attempted murder in the first degree, and is currently serving a lengthy term of incarceration, the maximum of which is life in prison.

In 2007 and 2008, during his incarceration, petitioner was granted permission to participate in the family reunion program with his then-wife and her two children.  In 2009, petitioner and his wife divorced.  In January 24, 2013, petitioner married his second wife and, exactly six months later, he submitted an application to participate in the family reunion program with her.  Because petitioner was designated a central monitoring case, his application was forwarded to the Central Office for special review (see 7 NYCRR 220.2 [c] [1] [i]).  The Central Office denied petitioner's application and the denial was upheld by respondent on administrative appeal.  Petitioner commenced this CPLR article 78 proceeding challenging the denial and, following service of respondent's answer, Supreme Court dismissed the petition.  This appeal by petitioner ensued.

We affirm.  Initially, it is well settled that an inmate's participation in a family reunion program is a privilege, not a right (see Matter of Scott v Richey, 141 AD3d 1058, 1058 [2016]; Matter of Mays v Morris, 133 AD3d 1050, 1051 [2015]).  The decision of whether to allow an inmate to participate is "heavily discretionary" and will not be disturbed as long as it has a rational basis (Matter of Doe v Coughlin, 71 NY2d 48, 56 [1987], cert denied 488 US 879 [1988]; see Matter of Rodriguez v Annucci, 129 AD3d 1417, 1418 [2015]).  Notably, "[p]rior participation in the program does not guarantee that a future application will be approved" (Matter of Garcia v Morris, 140 AD3d 1441, 1441 [2016], lv denied ___ NY3d ___ [Oct. 27, 2016]).

In this case, the violent nature of petitioner's crimes was a pertinent factor for respondent to consider in denying his application (see e.g. Matter of Garcia v Morris, 140 AD3d at 1442; Matter of Mays v Morris, 133 AD3d at 1051; Matter of Rodriguez v Annucci, 129 AD3d at 1418).  Petitioner's recent

marriage was also a relevant consideration as it did not further the program goal of preserving, enhancing and strengthening family ties that have been disrupted due to incarceration (see Dept of Corr & Community Supervision Directive No. 4500 § I; Matter of Garcia v Morris, 140 AD3d at 1442; Matter of Campbell v Morris, 139 AD3d 1278, 1279 [2016]).  In view of the foregoing, we find that the denial of petitioner's application had a rational basis.  We have considered petitioner's remaining contentions and find them to be lacking in merit.

McCarthy, J.P., Devine, Mulvey and Aarons, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court