Matter of Marshall v New York State Dept. of Corr. & Community Supervision (2018 NY Slip Op 08393)





Matter of Marshall v New York State Dept. of Corr. & Community Supervision


2018 NY Slip Op 08393


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

525848

[*1]In the Matter of EVAN MARSHALL, Appellant,
v
NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Respondent.

Calendar Date: October 26, 2018

Before: McCarthy, J.P., Egan Jr., Mulvey, Aarons and

 Pritzker, JJ.

Evan Marshall, Dannemora, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Allyson B. Levine of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Mott, J.), entered October 3, 2017 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying his request to participate in the family reunion program.
Petitioner currently is serving an aggregate prison term of 29 years, 3 months and 10 days to life for his conviction of the crimes of murder in the first degree, murder in the second degree, burglary in the first degree, burglary in the second degree, criminal mischief in the fourth degree, criminal possession of a weapon in the fourth degree, assault in the first degree, assault in the second degree and leaving the scene of an incident without reporting. The convictions stemmed from two separate incidents that occurred on August 17, 2006. Petitioner, who was receiving treatment for substance abuse and mental health issues at a residential facility, apparently had been granted a temporary pass from the treatment program in order to visit his mother and appear in a local criminal court. On the morning in question, and while operating his motor vehicle on a local roadway, petitioner veered off course and intentionally struck a jogger with his car, causing serious injuries. That same day, petitioner rang the doorbell of a neighbor who lived two doors away from petitioner's mother; when the neighbor answered the door, petitioner stabbed and subsequently dismembered the neighbor — severing her head and removing her breasts and genitalia — before transporting the remains to his mother's home.
In 2011 and 2012, petitioner applied for and was granted permission to participate in the family reunion program at the facility where he was incarcerated. Petitioner's subsequent applications for participation in the family reunion program, which were subject to special review (see 7 NYCRR 220.2 [c] [1] [i], [vi]; Dept of Corr & Community Supervision Directive No. 4500 § IV [C] [1], [12]), were denied based upon, among other things, the nature of petitioner's [*2]crimes and his history of domestic violence. Petitioner's administrative appeal of his 2015 application was unsuccessful, prompting him to commence this CPLR article 78 proceeding to challenge respondent's determination. Following joinder of issue, Supreme Court dismissed the petition, finding that respondent's denial of petitioner's request to participate in the family reunion program was rational. This appeal by petitioner ensued.
We affirm. "[I]t is well settled that an inmate's participation in a family reunion program is a privilege, not a right" (Matter of Gordon v Morris, 144 AD3d 1338, 1338 [2016], lv denied 28 NY3d 914 [2017]; see Matter of Garcia v Morris, 140 AD3d 1441, 1441 [2016], lv denied 28 NY3d 905 [2016]; Matter of Campbell v Morris, 139 AD3d 1278, 1279 [2016]). Accordingly, "[t]he determination of whether an inmate may participate is heavily discretionary and will not be disturbed if it has a rational basis" (Matter of Campbell v Morris, 139 AD3d at 1279 [internal quotation marks and citation omitted]; see Matter of Rodriguez v Morris, 113 AD3d 1011, 1012 [2014]; Matter of Philips v Commissioner of Correctional Servs., 65 AD3d 1407, 1408 [2009]). Contrary to petitioner's assertion, "prior participation in the program does not guarantee that a future application will be approved" (Matter of Gordon v Morris, 144 AD3d at 1338-1339 [internal quotation marks, brackets and citation omitted]), "as each application is subjected to a new discretionary review" (Matter of Scott v Richey, 141 AD3d 1058, 1059 [2016] [internal quotation marks and citations omitted]).
Petitioner's 2015 application was subject to special review, which included "consideration of the specifics of the crime, the age of the inmate at the time of the offense, progress in programs, custodial adjustment, victim impact and the entire case record" (7 NYCRR 220.2 [c] [1]; see Dept of Corr & Community Supervision Directive No. 4500 § IV [C]). In this regard, the record reflects that petitioner has a history of domestic violence and other threatening behaviors, as well as substantial mental health and substance abuse issues. These factors, combined with the undeniably heinous and brutal nature of petitioner's crimes and the perceived security risk that he posed to program participants, provide a rational basis for respondent's denial of petitioner's request to participate in the family reunion program (see e.g. Matter of Rodriguez v Annucci, 129 AD3d 1417, 1418 [2015]). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
McCarthy, J.P., Egan Jr., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.