Matter of Shapard v Annucci (2019 NY Slip Op 07968)





Matter of Shapard v Annucci


2019 NY Slip Op 07968


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

527498

[*1]In the Matter of Christopher Shapard, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date: October 10, 2019

Before: Egan Jr., J.P., Clark, Mulvey and Devine, JJ.


Christopher Shapard, Comstock, appellant pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.



Egan Jr., J.P.
Appeals (1) from a judgment of the Supreme Court (Zwack, J.), entered September 24, 2018 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review, among other things, determinations of the Department of Corrections and Community Supervision denying his requests to participate in the family reunion program, and (2) from an order of said court, entered January 23, 2019 in Albany County, which, upon reconsideration, among other things, adhered to its prior decision.
Petitioner is serving a prison term of 12½ to 25 years for his conviction of, among other things, multiple counts of robbery in the first degree and burglary in the first degree, as well as a consecutive sentence of 15 years to life based upon his subsequent conviction of assault in the second degree stemming from an incident wherein he assaulted a correction officer. In 2015, petitioner, who had previously visited with his mother and stepfather through the family reunion program (hereinafter FRP), sought to add his wife to the list of people with whom he could have FRP visits. The request to add a new family participant prompted a full-cycle review of his application, which was also subject to special review given petitioner's prior escape and status as a central monitoring case (see 7 NYCRR 200.2 [c] [1] [i], [ix]; 200.4). Following such reviews, petitioner's application was denied based upon the nature of his convictions, his previous escape from a Connecticut jail and his pattern of assaultive behavior toward correction officers. That determination was affirmed upon administrative appeal. In 2017, petitioner again applied to participate in an FRP visit with his mother and stepfather. That request was denied based upon the nature of his convictions, his previous escape, his pattern of assaultive and uncooperative behavior with correction officers and his violent disciplinary history in 2017, and that decision was subsequently affirmed upon administrative appeal. In 2017, petitioner also filed a grievance after he was removed from the earned housing unit (hereinafter EHU) due to recent changes to Department of Corrections and Community Supervision Directive No. 4023, which prohibited inmates with a history of escape from being eligible for such housing status. Petitioner's subsequent administrative appeal was unsuccessful.
Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the denials of both his 2015 and 2017 FRP applications, as well as the denial of his grievance. Following various motions by petitioner and joinder of issue, Supreme Court, among other things, dismissed the petition, finding that petitioner's challenge to the 2015 FRP application was rendered moot by the 2017 FRP application, that the denial of his 2017 FRP application was rationally based and, with respect to the grievance, petitioner had no constitutional right to be housed in a particular housing unit and, in any event, there was no compelling reason why the EHU directive was irrational as applied to him. Petitioner subsequently moved for leave to reargue. The court, addressing the merits thereof and treating a portion of it as a motion to renew, adhered to its prior decision and denied the motion. Petitioner appeals from both the judgment and order.
We affirm. Initially, petitioner's challenge to the denial of the 2015 FRP application is rendered moot by the subsequent 2017 FRP application, and we are unpersuaded by petitioner's contention that the matter comes within the exception to the mootness doctrine (see Matter of Fragosa v Morris, 156 AD3d 1072, 1072-1073 [2017]). With regard to petitioner's 2017 FRP application, we find without merit petitioner's contention that denial thereof was arbitrary and capricious or an abuse of discretion. "Participation in the family reunion program is a privilege and not a right, and the decision whether an inmate may participate is heavily discretionary and, as such, will be upheld if it has a rational basis" (Matter of Loucks v Annucci, 175 AD3d 775, 776 [2019] [internal quotation marks, brackets and citations omitted]). In denying petitioner's 2017 FRP application, the factors considered were the nature of petitioner's instant offenses, which involved petitioner — upon his escape from a Connecticut jail where he was being held for the murder of his grandfather — forcing his way into two victims' homes at gunpoint and holding one victim hostage for hours. Further, his assault conviction stemmed from petitioner, who was incarcerated at the time, punching and kicking a correction officer, who required surgery for the injuries received during the assault. Although petitioner's recent positive disciplinary history was considered, the nature and extent of his disciplinary infractions, which included, among other things, violent conduct, assaults on inmates and staff and harassment, were also significant factors. Despite petitioner's previous participation in FRP visits, this is not a guarantee that future applications will be approved (see Matter of Marshall v New York State Dept. of Corr. & Community Supervision, 167 AD3d 1115, 1116 [2018], lv denied 33 NY3d 901 [2019]; Matter of Gordon v Morris, 144 AD3d 1338, 1339 [2016], lv denied 28 NY3d 914 [2017]). Overall, reliance on the nature of petitioner's convictions, previous escape, history of assaultive and uncooperative conduct with correction officers and violent disciplinary history provides a rational basis for denial of his 2017 FRP application (see Matter of Loucks v Annucci, 175 AD3d at 776-777; Matter of Marshall v New York State Dept. of Corr. & Community Supervision, 167 AD3d at 1116-117; Matter of Mays v Morris, 133 AD3d 1050, 1051 [2015]).
With regard to petitioner's grievance seeking revision or rescission of Department of Corrections and Community Supervision Directive No. 4023 and his return to EHU, we note that his challenge is moot inasmuch as that directive was amended in 2018 (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). We note that the directive, although still prohibiting inmates with an escape history to be eligible for EHU status, was amended to also deem ineligible inmates who have an "outside conviction for a crime committed inside the [correctional] facility while in custody," which also applies to petitioner. Petitioner's remaining contentions, including his challenge to the submission of confidential information, have been reviewed and are without merit.
Clark, Mulvey and Devine, JJ., concur.
ORDERED that the judgment and order are affirmed, without costs.