Matter of Rodriguez v Smith-Roberts (2020 NY Slip Op 07008)





Matter of Rodriguez v Smith-Roberts


2020 NY Slip Op 07008


Decided on November 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 25, 2020

530574

[*1]In the Matter of Wilson Rodriguez, Appellant,
v
Alicia Smith-Roberts, as Director of Ministerial, Family and Volunteer Services, et al., Respondents.

Calendar Date: November 13, 2020

Before: Clark, J.P., Mulvey, Devine, Aarons and Pritzker, JJ.


Wilson Rodriguez, Attica, appellant pro se.
Letitia James, Attorney General, Albany (Jennifer L. Clark of counsel), for respondents.



Appeal from a judgment of the Supreme Court (Nichols, J.), entered November 22, 2019 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Corrections and Community Supervision denying petitioner's request to participate in the family reunion program.
Petitioner is serving an aggregate prison sentence of 37½ years to life due to his 1988 convictions for murder in the second degree and conspiracy in the second degree. The convictions stemmed from petitioner killing the wife of an acquaintance for $2,500. In October 2017, petitioner applied to participate in the family reunion program in order to visit with his wife. Due to the nature of his crime, petitioner is designated a Central Monitoring Case, subjecting his application to special review by the Central Office of the Department of Corrections and Community Supervision (see 7 NYCRR 220.2 [c] [1] [i]; Dept of Corr & Community Supervision Directive No. 0701 § III [A] [4]; Dept of Corr & Community Supervision Directive No. 4500 § IV [C] [1]). Following such review, the application was denied. Upon petitioner's administrative appeal, the denial was upheld due to the nature of petitioner's crime, his failure to complete a sex offender counseling and treatment program to which he had been referred and the fact that his wife had been found responsible for contraband found in the possession of her grandson, an inmate at a different correctional facility. Petitioner then commenced this CPLR article 78 proceeding challenging that determination. Supreme Court dismissed the petition, finding the denial of the application was rational. Petitioner appeals.
We affirm. "[P]articipation in the family reunion program is a privilege and not a right, and the decision whether an inmate may participate is heavily discretionary and, as such, will be upheld if it has a rational basis" (Matter of Garcia v Morris, 140 AD3d 1441, 1441 [2016] [internal quotation marks and citations omitted], lv denied 28 NY3d 905 [2016]; accord Matter of Stevenson v Smith, 175 AD3d 1680, 1681 [2019], appeal dismissed and lv denied 34 NY3d 1198 [2020]). Moreover, "[c]ontrary to petitioner's assertion, 'prior participation in the program does not guarantee that a future application will be approved'" (Matter of Marshall v New York State Dept. of Corr. & Community Supervision, 167 AD3d 1115, 1116 [2018], lv denied 33 NY3d 901 [2019], quoting Matter of Gordon v Morris, 144 AD3d 1338, 1338-1339 [2016], lv denied 28 NY3d 914 [2017]; see Matter of Garcia v Morris, 140 AD3d at 1441). Here, the nature of petitioner's crime and his failure to participate in the sex offender counseling and treatment program were pertinent factors in considering his application (see Matter of Gordon v Morris, 144 AD3d at 1339; Matter of Rosas v Baker, 1 AD3d 665, 666 [2003], lv denied 1 NY3d 508 [2004]).[FN1] Further, petitioner's wife had her visiting privileges suspended for six months after being found responsible for introducing contraband into a facility during an April 2017 visit with her grandson.[FN2] In light of the foregoing, we find a rational basis for the denial of petitioner's application to participate in the family reunion program (see e.g. Matter of Loucks v Annucci, 175 AD3d 775, 776-777 [2019]; Matter of Marshall v New York State Dept. of Corr. & Community Supervision, 167 AD3d at 1117).
Clark, J.P., Mulvey, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Although petitioner contends that he had been improperly referred to the sex offender counseling and treatment program, the proper vehicle for challenging the referral is the inmate grievance program (see 7 NYCRR 701.2 [a]; see generally Matter of Hawes v Fischer, 119 AD3d 1304, 1305 [2014]).

Footnote 2: Petitioner's claim that the Central Office erred in not considering evidence of his wife's innocence regarding the suspension of her visiting privileges is without merit. Petitioner has no standing to challenge the determination suspending his wife's visiting privileges (see Matter of Carter v Rock, 77 AD3d 1005, 1005 [2010]).